## WHEETE v. CITY OF TULSA et al.

No. 12655—Opinion Filed Feb. 19, 1924.

### 1. Appeal and Error—Time for Proceedings.

Section 798, Comp. Stat. 1921, fixes six months as the time within which proceedings on appeal shall be commenced to review final orders and judgments of the district court. When proceedings on appeal are not commenced within the time fixed by statute, the appellate court acquires no jurisdiction to review the judgment appealed from.

### 2. Same—Dismissal.

Record examined, and held, that the proceeding on appeal in this case was not commenced within the time fixed by statute; and that the motion to dismiss the appeal should be sustained and the appeal dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action brought by O. E. Wheete against the City of Tulsa and Walker D. Hines, Director General of Railroads, for damages for personal injury. Judgment for defendants. Plaintiff appeals. Appeal dismissed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

I. J. Underwood and Henry L. S. Halley, for defendant in error City of Tulsa.

W. F. Evans, Stuart, Sharp & Cruce, and

Ben Franklin, for defendant in error Director General.

Opinion by SHACKELFORD, C. The plaintiff in error, as plaintiff below, filed this action in the district court of Tulsa county, on the 31st of March, 1919, seeking to recover for certain alleged personal injuries. After the issues were made up the case was called for trial on the 14th of February, 1921, and a verdict returned in favor of the defendants on February 16, 1921. The plaintiff filed a motion for a new trial on the 18th of February, 1921. The transcript seems to show that the motion for a new trial was overruled on the 25th of March, 1921. Upon a hearing before the judge who presided at the trial an order was made correcting the date to show that the motion for a new trial was overruled on the 5th of March, 1921. The appeal is taken from the order and judgment of the trial court overruling plaintiff's motion for a new trial. The petition in error with case-made attached was filed here on September 24, 1921. More than six months elapsed after the overruling of the motion for a new trial before the petition in error was filed in this court. That being so, this court has no jurisdiction to hear and examine the case upon its merits, and decide the questions presented on appeal.

One of the defendants has filed a motion to dismiss the appeal. Section 798, Comp. Stat. 1921, fixes the time within which appeals from final orders and judgments of the district court may be filed in the Supreme Court. The time is fixed at six months from the time the final order and judgment was made, within which to file appeal. Unless the proceeding on appeal is commenced within the time provided by the section of our statute above referred to, the appellate court acquires no jurisdiction to hear the case upon its merits. More than six months elapsed from the 5th of March, 1921, the date of the final judgment appealed from, to the 24th of September, 1921, the date on which the proceedings were filed here. This court has not acquired jurisdiction to review the judgment appealed from. The motion to dismiss the appeal should be sustained.

We recommend that the motion to dismiss the appeal be sustained, and the appeal be dismissed.

By the Court: It is so ordered.