**GELABERT et al. v. STATE.**

No. 14800—Opinion Filed Oct. 14, 1924.

Rehearing Denied Nov. 1, 1924.

1. **Appeal and Error—Time for Appeal—Jurisdiction.**

Section 798, Comp. Stat. 1921, fixes six months as the time within which proceedings on appeal shall be commenced to review final orders and judgments of the district court. When proceedings on appeal are not commenced within the time fixed by statute, the appellate court acquires no jurisdiction to review the judgment appealed from.

2. **Same—Appeal Dismissed.**

Record examined, and held, that the proceeding on appeal in this case was not commenced within the time fixed by statute; and that the motion to dismiss the appeal should be sustained and the appeal dismissed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by the State of Oklahoma, through the county attorney of Pittsburg county, against G. M. Gelabert and One Buick automobile, for the confiscation of the automobile. Judgment for plaintiff. Defendants appeal. Dismissed.

Geo. L. Hill, for plaintiffs in error.

O. H. Whitt, Co. Atty., for defendant in error.

Opinion by THOMPSON, C. This action was brought by the state of Oklahoma, through the county attorney, in the county court of Pittsburg county, to confiscate a certain seven-passenger Buick sedan automobile, the property of G. M. Gelabert, for violation of the prohibition laws by unlawfully transporting whisky. Trial was had and the court ordered the said automobile confiscated.

The last order in the case was made on the 18th day of April, 1923, in which the court overruled the motion for new trial and time given to prepare and serve case-made. This, under the statute, was a final order, from which this appeal is taken.

On examination of the record we find that the petition in error with case-made attached was filed in this court on October 20, 1923, and the wrapper, in which said case-made was sent to the clerk of the Supreme Court, bears the following impression of the stamp of the postmaster at the receiving station: "Oklahoma City, (State Capitol Sta.) Okla. Registered Oct. 20, 1923."

Motion to dismiss the appeal has been duly filed by the Attorney General for the reason that the petition in error and the case-made were not filed in this court until after the expiration of six months from the date of the judgment appealed from, and that this court is wholly without jurisdiction to determine any question presented by this appeal.

It is our opinion that the motion should be sustained under the provisions of section 798, Comp. Stat. 1921, which requires that all appeals shall be commenced within six months from the rendition of the judgment or the final order complained of.

This court in numerous opinions has sustained motions to dismiss for failure to file the appeal within the statutory time. Brown v. Parks, 80 Okla. 184, 195 Pac. 133; Voorhies v. Bissell, 80 Okla. 136, 194 Pac. 896; Hall v. Bank of Commerce, 80 Okla. 40, 193 Pac. 990; Board of County Commissioners v. Little, 80 Okla. 45, 193 Pac. 986; Wheete v. City of Tulsa, 98 Okla. 4, 223 Pac. 634.

This being the universal rule, under the statute and decisions of this court, it is our opinion that this appeal should be and is hereby dismissed.

By the Court: It is so ordered.