## HAYGOOD v. PINKEY.

No. 15746—Opinion Filed Sept. 15, 1925.

1. **Appeal and Error—Time for Proceedings —Filing Cross-Petition in Error.**

Under section 798, C. S. 1921, the petition in error with case-made or transcript attached must be filed in the Supreme Court within six months from the date of judgment or final order appealed from in order to give this court jurisdiction to consider the appeal on the merits, and the same rule applies to the cross-petition in error, except the case-made or transcript need not be attached to the cross-petition in error nor filed of the same date, provided that said record with plaintiff in error's petition is filed within said statutory time. If said cross-petition is not filed in the Supreme Court within said time the cross-appeal will be dismissed.

2. **Appeal and Error—Decisions Reviewable—Setting Aside Dismissal not Final Order.**

An order sustaining a motion to set aside a dismissal of the cause of action and reinstating the same for trial is not a final order and is not appealable under section 780, C. S. 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3. Error from District Court, Muskogee County; James H. Hepburn, Assigned Judge.

Action by W. F. Haygood from orders sustaining motions of Lizzie Pinkey to set aside orders of dismissals in two cases, numbered 9583 and 10272, respectively, filed in District Court of Muskogee County. Cross-appeal by Van H. Albertson and T. L. Blakemore from orders overruling motions for attorney's fees in said cases. Dismissed.

Charles A. Dickson, for plaintiff in error.

Van H. Alberston and T. L. Blakemore, for defendant in error and cross-plaintiffs in error.

Opinion by THREADGILL, C. The appeals herein involve two cases that come up from the district court of Okmulgee county, numbered in that court as 9583 and 10272, respectively. The one numbered 9583 was commenced in the county court of Okmulgee county in 1920, in behalf of Lizzie Pinkey, a Creek citizen minor, by her guardian, R. M. Clark, who was appointed as such June 30, 1919 against W. F. Hay-

good, her former guardian, from 1908 to June 30, 1919, to obtain from him an accounting and settlement of his guardianship. This case was heard in the county court and decided against the said Haygood, and from the judgment he appealed to the district court, where the cause was pending for trial when the minor became of age, March 4, 1923. Van H. Albertson and R. L. Blakemore were employed by the guardian, Clark, and by the sanction of the court to obtain the accounting and to represent the cause in all its stages to final determination, and which, it appears, they did and were doing successfully as far as the case progressed in the court.

The other case numbered 10272 was an action instituted in the district court of Okmulgee county in behalf of the said minor, Lizzie Pinkey, by her guardian, Haygood, for her interest in a certain tract of land she inherited from her grandfather, Jocky Harjo, deceased. The said attorneys, Albertson and Blakemore, were employed by written contract to represent this action and their contract was approved by the county court. They filed the petition and the amended petitions, in which other parties were made defendants, and indorsed their lien claimed on the same, and were performing their duties as attorneys, and the case was set for trial on July 9, 1923. The record discloses that on July 5, 1923, the plaintiff, Lizzie Pinkey, who had now become of age and was married to one Willie Hanson, filed a written dismissal in both of these cases, which was in form as follows:

"Comes now Lizzie Hanson, nee Pinkey, and says she reached majority on the —— day of —— 19—, and that she has made full and complete settlement with W. F. Haygood, defendant in the above styled cause, and hereby dismisses same with prejudice, to another action: Wherefore, she prays that an order be made by this honorable court dismissing the above cause with prejudice. Lizzie Hanson, nee Pinkey."

On the same day the court made the order dismissing the said causes with prejudice and at the cost of said plaintiff. Thereafter, on July 17, 1923, the attorneys, Albertson and Blakemore, filed a motion to be allowed attorney's fees for their services rendered in the two cases dismissed, and for a one-third interest in the land involved, and one-third of the rents and profits from May 23, 1919, and for a lien on Haygood's interest in the land to secure the same. Thereafter, on August 31st, the said Lizzie Hanson, nee Pinkey, filed a motion in both cases asking that the dismissals of July 5, 1923, be set aside on the ground of fraud, the particulars of which were stated and that said cause be reinstated for trial. On March 5, 1924, these motions came on before the court for consideration, and by agreement were consolidated for the purpose of hearing, and with the understanding that the court could hear the evidence and render appropriate judgments in the cases. Thereupon, counsel for W. F. Haygood filed a motion to require the plaintiff and her attorneys to elect which motions they would proceed under, whether under the motions for attorneys' fees, or under the motions to set aside the dismissal and reinstate the causes for trial; the ground of the motions being that they were inconsistent and repugnant to each other. The motions were overruled and exceptions saved. Counsel for said Haygood then moved to dismiss all the motions on the ground that the court had no jurisdiction to hear them, since the said causes were dismissed with prejudice and the costs paid on July 5, 1923. This motion was overruled and exception taken. Thereupon, counsel for Haygood filed responses to the motions. The response to the motion for attorney's fee was in the form of an answer. It was first a general denial, then admitted that the causes were dismissed by plaintiff after she became of age, but he denies he ever paid or agreed to pay her anything for the dismissals. He states the court had no power or jurisdiction to make any order on the motions allowing attorney's fees. He further states that the statutes, chap. 22, Session Laws of 1919, providing for attorney's fees and liens, where settlement is made without consent of the attorney, is unconstitutional and void. In response to this motion to set aside dismissals, he denies the charge of fraud pleaded in said motions and caused the plaintiff to sign the dismissals, and he states the court had no jurisdiction to order reinstatement.

The court heard the evidence and made an order sustaining the motions to set aside the dismissals in both cases and reinstating them for trial, and overruling the motions for attorneys' fees on the ground that they had not completed their work, and it was unnecessary for the court to pass on this question at that time. Both parties saved exceptions and filed motions for new trial, which being overruled, have prosecuted appeals to this court on one case-made and each his own petition in error.

1. The first question that presents itself to this court is the question of jurisdiction to entertain the appeal for either one of

the parties. Plaintiff in error, Haygood, has filed a motion to dismiss the cross-petition in error and the appeal of Van H. Albertson and F. L. Blakemore, on the ground they did not file their cross-petition in error within six months from the date their motion for new trial was passed on and overruled by the court. The record discloses that the motion for new trial was overruled on March 20, 1924, and the cross-petition in error for the consolidated cases was filed in this court September 22, 1924, being six months and two days.

It must be observed that the manner and time of taking appeals are governed by the statutes. Section 782, Comp. St. 1921, provides:

"The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court," etc.

Section 783, Comp. St. 1921, provides that the petition in error shall have attached to it the case-made or transcript and be filed in the Supreme Court.

Section 798, Comp. St. 1921, provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders, shall be commenced within six months from the rendition of the judgment or final order complained of."

Plaintiff in error concedes that it was not necessary for the cross-petition in error to be attached to the case-made or transcript where the case-made or transcript is attached to the petition in error of the other party appealing and is filed in the Supreme Court within six months' time, but such cross-petition in error must comply with the statutes in being filed on appeal within six months from the rendition of the judgment or final order of the trial court, and then it is entitled to be considered with the record in common with the other party taking the appeal. We think this contention must be sustained and is supported by the authority of Wheete v. City of Tulsa, 98 Okla. 4, 223 Pac. 634; and the cross-petition in error, in the instant case, not having been filed within the six months provided by statute, the same must be dismissed.

2. Again the question of jurisdiction of this court is challenged by motion of defendant in error, Lizzie Pinkey, to dismiss the appeal of the plaintiff in error on the ground that the order appealed from is not a final order.

Section 780, Comp. St. 1921, provides as follows:

"The Supreme Court may reverse, vacate or modify judgments of the county, superior or district court, for errors appearing in the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate, or modify any of the following orders of the county, superior or district court, or a judge thereof: First: A final order. Second: An order that grants or refuses a continuance, discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm the report of a referee; or sustains or overrules a demurrer. Third: An order that involves the merits of an action, or some part thereof."

The order appealed from in the case at bar is not a judgment, but an order in response to a motion to set aside dismissals and reinstate the cases for trial. It cannot be said to be a final order as it determines nothing on the merits. The rule defining a final order is stated in Oklahoma City Land & Developing Co. v. Patterson, 73 Okla. 234, 175 Pac. 934, and is as follows:

"A final order is one ending the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties."

Counsel for defendant in error call our attention to the following cases in support of her contention: First State Bank of Blanchard v. Harmon, 80 Okla. 80, 196 Pac. 125; Brooks v. J. R. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956; Okla. City Land & Development Co. v. Patterson, 73 Okla. 234, 175 Pac. 934; Tobley v. DeKinder, 85 Okla. 288, 206 Pac. 201; McMaster v. Peoples Bank, 13 Okla. 326, 73 Pac. 946.

We do not think the order appealed from by plaintiff in error is one defined by any provision of the statutes and authorities above cited as an appealable order, and we are, therefore, of the opinion that the motion to dismiss the appeal of plaintiff in error should be sustained, and the appeal of both parties should be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 1047, § 1039, 1055, § 1054, 1089, §§ 1103, 1104. (2) 3 C. J. p. 504, § 336.