CUTRIGHT et al. v. RICHEY et al.

No. 35287.   May 6, 1952.

*257 P. 2d 285.*

Ralph D. Smith, Cordell, for plaintiffs in error.

Jones & Wesner, Cordell, for defendants in error and cross-appellants.

WELCH, J.   This action was commenced by W. S. Richey and Eunice Richey, husband and wife, to quiet title to a mineral interest in 30 acres of land in Washita county.   The court after a trial without a jury entered its order and judgment finding various interests in the property and from this judgment Ruhl K. Cutright and Martha Cutright appealed and filed their petition in error with case-made attached on October 9, 1951.

W. S. Richey and Eunice Richey filed a cross-petition in error in this court November 3, 1951.   A motion to

dismiss has been filed for the reason that the cross-petition in error was not filed within three months from the date the order overruling the motion for new trial was filed, to wit, August 2, 1951. The motion must be sustained.

Where cross-petition in error is not filed in this court until after the expiration of the time fixed for appeal, this court has no jurisdiction over the subject-matter and the appeal will be dismissed. Bilby v. Bilby, 127 Okla. 9, 251 P. 611; Haygood v. Pinkey, 112 Okla. 30, 239 P. 456, and Wolfe v. Graham, 181 Okla. 379, 74 P. 2d 119. In Wolfe v. Graham, supra, it is stated:

" 'Where a cross-petition in error is not filed in this court until after the expiration of six months from the date of the final judgment or order complained of, this court has no jurisdiction over the subject-matter and the cross-appeal will be dismissed.' Bilby v. Bilby, 127 Okla. 9, 251 P. 611."

12 O. S. 1951 §972 provides that the appeal must be taken within three months from the date of the rendition of the judgment or final order complained of unless within said three months time is extended in which to perfect the appeal.

It is admitted that the petition in error on cross-appeal was not filed until the 3rd day of November, 1951, but in the response to the motion to dismiss it is stated that the cross-petitioners placed in the post office at Cordell, Oklahoma, on November 1, 1951, said cross-petition in error addressed properly and that in the due course of mail the cross-petition should have reached the office of the Clerk of the Supreme Court within time.

In Home Savings & Loan Ass'n v. Rounds-Porter Lumber Co., 80 Okla. 201, 195 P. 479, it is stated:

"Inclosing a petition in error in an envelope addressed to the clerk of this court, with postage prepaid, and depositing the same in the United States mail within time to reach the office of the clerk of this court, is not a compliance with the statute."

Appeal dismissed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.