Algy R. PALMER and Alta A. Palmer,
Plaintiffs in Error,

v.

E. E. CAMPBELL, Belle Campbell, Salt-
mount Oil Company, a corporation, Mid-
west Oil Corporation, a corporation, De-
fendants in Error.

No. 37999.

Supreme Court of Oklahoma.

Nov. 12, 1958.

Rehearing Denied Jan. 6, 1959.

W. D. Greenshield, Ponca City, for plain-
tiffs in error.

Tom Heironymus, Woodward, for de-
fendant in error, E. E. Campbell.

Fisher Ames, Oklahoma City, for de-
fendant in error Midwest Oil Corp. (for-
merly Saltmount Oil Company).

WELCH, Chief Justice.

This is an action to quiet title to an undivided one-half interest in the minerals under the W½ of the SW¼ of Section 21, Township 26 North, Range 23 West, Harper County, Oklahoma, by Algy R. Palmer and Alta A. Palmer, his wife, former owners of the property, against the subsequent owners of the fee, E. E. Campbell and Belle Campbell, and their lessee, Midwest Oil Corporation.

The plaintiffs in error and defendants in error are in the same position here as below, and will be referred to in the same manner.

Plaintiffs filed their petition on June 6, 1957; defendants filed their respective demurrers which were sustained by the trial court. Plaintiffs elected to stand upon their petition and the district court dismissed the action, and plaintiffs appealed.

The essential facts of the case are fully presented in the petition with its exhibits attached, which reveal that on January 16, 1928, while owners of the above described property in question, the plaintiffs conveyed to the Home Royalty Association an undivided one-half interest in the minerals, for the period of 21 years from said date, and as much longer thereafter as oil, gas, or other minerals are produced. The 21 years expired without production on January 16, 1949, and on March 10, 1949, the Home Royalty Association released their interest under a blanket release.

Shortly before the expiration of the term minerals above referred to, the plaintiffs conveyed to one Marvin Price the tract in question in Section 21, together with another tract in Section 28 not in litigation. This conveyance was dated September 16, 1948, and on November 15, 1948, Marvin Price, joined by his wife, conveyed the property in question in Section 21 to the defendants Campbells by warranty deed.

On May 22, 1951, the defendants Campbells executed and delivered an oil and gas lease for a term of ten years, covering said property to one V. G. Long, who assigned the lease to the Saltmount Oil Company which later became Midwest Oil Corporation.

The only question before this court is the construction and effect of the warranty deed executed by plaintiffs in favor of Marvin Price, which is attached to plaintiff's petition as a part of Exhibit B, same being as follows, to-wit:

"Know All Men by These Presents:

"That Algy R. Palmer and Alta A. Palmer, his wife of *Jamor* (Major)

"County, State of Oklahoma, parties of the first part, in consideration of the sum of Six Thousand and No/100 ($6,000.00) Dollars, in hand paid, the receipt of which is hereby acknowledged, does hereby Grant, Bargain, Sell and Convey unto Marvin Price of Harper County, State of Oklahoma, party of the second part, the following described real property and premises, situate in Harper County, State of Oklahoma, to-wit:

"The Northwest Quarter (NW¼) of Section Twenty eight, and the West Half (W½) of the Southwest Quarter (SW¼) of Section Twenty-one (21), all in Township Twenty-six (26) North, Range Twenty-three (23) West of the Indian Meridian, in Harper County, Oklahoma, containing in all 240 acres more or less according to the Government Survey there

"Except: that the grantor Algy R. Palmer, hereby reserves to himself, his heirs and assigns, a one-half (½) interest in any and all royalties which may be received under any oil and gas lease now on, or to be placed on the Northwest Quarter (NW¼) of said Section Twenty-eight (28) for a period of ten years from the date hereof, or as long thereafter as oil or gas may be produced therefrom provided the initial production is within said ten year period, with the understanding that all rents or bonuses which may be received under any oil and gas lease are to be received by the second party, his heirs and assigns, and the second party

his heirs and assigns, shall have the exclusive right to the leasing of said land.

"($6.60 Revenue Stamps attached and cancelled).

"Together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

"To Have and To Hold said described premises unto the said party of the second part, his heirs and assigns forever, free clear and discharged of and from all further grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature.

"Except; an oil and gas lease of record on the NW¼ of said Section 28, and except a ½ interest in the oil, gas and other minerals heretofore convey from the W½ of the SW¼ Section 21

"Signed and delivered this 16th day of September, 1948.

> "Algy R. Palmer
> "Alta A. Palmer"

The deed clearly reveals that it was the intent of plaintiff, Algy R. Palmer, to reserve unto himself, his heirs and assigns certain interests in the NW¼ of Section 28, and we are of the opinion had it been his intention to reserve unto himself the reversionary interest in the property in Section 21, he could and would have so stated in this same clause of the deed, and his failure to so state leads us to the conclusion that it was his intention at the time of the execution of the deed to convey all interest he had in the W½ of SW¼ of Section 21, and to except from the warranty that interest previously conveyed to Home Royalty Association.

Title 16 O.S.1951 § 29, provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, *unless limited by express words*." (Emphasis ours)

Whatever the rule or result might be in the absence of any statute, this court has held that in view of the above statute there must be, somewhere in the deed, appropriate language expressly reserving some interest in and to the grantor, or the grantor's entire interest passes by a warranty deed to real estate.

The court construed this statute under an almost identical fact situation in the recent case of Whitman v. Harrison, Okl., 327 P.2d 680, 681, we held:

"When a deed of conveyance provides for an exception, excluding certain interests from the operation of the granting clause, but no apt words are used which would indicate there was an intent on the part of the grantor to reserve unto himself any interest in said property, the deed under our statute 16 O.S.1951 § 29 must be construed to convey to grantee all of the interest vested in grantor at the time of the execution of the deed."

See, also, Rose v. Cook, 207 Okl. 582, 250 P.2d 848; Cutright v. Richey, 208 Okl. 412, 257 P.2d 285; 16 Am.Jur.Deeds, Sec. 406; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291; Kassner v. Alexander Drug. Co., 194 Okl. 36, 147 P.2d 979; Cruzan v. Missouri-Kansas-Texas R. Co., Okl., 303 P.2d 313, and Jarrett v. Moore, 159 Okl. 93, 14 P.2d 390.

In Edwards v. Brusha, 18 Okl. 234, 90 P. 727, we held:

"An exception in a deed withholds from its operations some part or parcel of the thing which, but for the exception, would pass by the general description to the grantee, while a reservation is the creation of some new right issuing out of the thing granted and which did not exist before as an independent right, in behalf of the grantor, and not to a stranger."

We also held in the Edwards case, supra, that:

"A conveyance is to be construed most strongly against the grantor."

There were no apt words used in this deed which would indicate there was an intent on the part of grantor to reserve, take back or create a new right unto himself of any interest in the W½ of SW¼ of Section 21, and there appears to be no reason why proper words should not have been used if such were the intent of the parties.

It is stated in 16 Am.Jur. Sec. 298:

"A reservation is taking back part of that already granted."

We are of the opinion, and so hold, that the trial court properly followed the statutes and former decisions of this court in the construction of the deed, and its ruling herein does not constitute error.

Judgment affirmed.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.