JAY J. SMYTH, Appellant, v. IDA E. FOGLE, C. E. FOGLE and N. B. BRANNER, Guardian, ET AL.

**Conveyances:** CONSTRUCTION: ESTATE GRANTED. A deed will be construed as an entirety so as to give effect to all its language if possible; and the intent of the grantor will govern the construction if it can be ascertained therefrom.
  In this case a defendant conveying property to the grantee "and at her death go to her children" is held to create a life estate in the first taker with the fee over to the children of the grantee.

*Appeal from Lucas District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, FEBRUARY 8, 1911.

SUIT to foreclose certain mortgages executed by Ida E. Fogle and her husband. A demurrer to the answer was overruled, and the plaintiff appeals. *Affirmed.*

*Penick & Anderson* and *O. A.* and *L. B. Bartholomew,* for appellant.

*Stuart & Stuart,* for appellees.

SHERWIN, C. J.—In 1903 Aaron Burgett and Mary E. Burgett, his wife, executed and delivered to Ida E. Fogle, their daughter, a deed conveying the real estate involved in this action. The part of the deed material to our present inquiry is as follows: "Know all men by these presents, that I, Aaron Burgett and Mary E. Burgett, hus-

band and wife, of the county of Lucas and state of Iowa, for the consideration of two thousand dollars ($2,000), hereby convey to Ida E. Fogle, and at her death to go to her children, of the county of Jewell and state of Kansas, the following described real estate, situated in Lucas county and state of Iowa, to wit." After Ida E. Fogle had entered into possession of the land thus conveyed, she, with her husband, executed the mortgages on which this suit is based.

The petition was in the usual form, and an answer was filed by a guardian for the minor children of Ida E. Fogle, who was at the time deceased. The answer alleged that the deed conveyed to Ida E. Fogle a life estate only in the land with a remainder to said minors, and that the mortgages sued upon were void, and conveyed nothing as against said minors. The plaintiff demurred to the answer, alleging that the deed set forth therein conveyed to Ida E. Fogle title in fee simple, and that the defendants had no interest in the land in controversy. The demurrer was overruled, and judgment was entered dismissing plaintiff's action, and he appeals.

It will be seen from the foregoing statement of the issues that the only question before us for determination is whether the deed in question conveyed to Ida E. Fogle anything more than a life estate. It is a settled rule that in construing an instrument it must be considered as an entirety, and that all of the language used therein must be given force and effect, if it can be done. The intent of the party is always to govern, if such intent can be ascertained from the writing. This rule is so well settled that we need cite no authorities in support thereof. We think there can be very little question as to the intent of the grantor in the deed under consideration. The conveyance was to Ida E. Fogle and her children after her death. The conveyance was not to her in fee simple by any construction that can be placed upon the language. The grantor seems to have

been very careful to say in the same sentence that the conveyance was to her and her children after her death, clearly saying in effect that she was to have a life estate only, and that the remainder was to go to her children.

We do not see how the language used could be construed to give her a fee. To reach such a result it would be necessary to entirely disregard the remainder of the sentence, which just as positively and just as certainly conveyed a remainder to the children. The citation of authorities will not aid in the construction of this deed, and the cases relied upon by the appellant throw no particular light upon the question under consideration. The district court was right in overruling the demurrer, and the judgment is *affirmed.*