## HOLLY v. HOLLY.

No. 26207. Nov. 19, 1935.

W. M. Hall, for plaintiff in error.

Frank Ertell, for defendant in error.

PER CURIAM. Clark E. Holly instituted an action in the district court of Rogers county against Charles W. Holly to have a certain deed and contract decreed a mortgage. Defendant in his answer prayed that his title be quieted. The parties will be referred to as they appeared in the court below. Plaintiff and defendant were brothers, and plaintiff desired to purchased a tract of land. Defendant, as agent for a Mrs. Smith, had been trying to sell a 20-acre tract for $1,000. A deal was made and a deed was executed by Mrs. Smith to plaintiff (notarized by defendant); $500 was paid down, half of which was advanced by plaintiff and half by defendant. A mortgage secured by a series of notes was executed by plaintiff to Mrs. Smith for the balance. Defendant presented the notes and mortgage to plaintiff for his signature. At the same time, plaintiff signed a warranty deed conveying an undivided one-half interest in the tract to the defendant, and also signed a contract under the terms of which plaintiff was to have full control of the north half and defendant to have control of the south half, and which further provided that plaintiff was to occupy defendant's part as his tenant. These last two instruments are those which plaintiff seeks to have decreed a mortgage, contending that part of the down payment advanced by defendant was a loan and the remainder a gift; that plaintiff was suffering from a sick headache at the time he signed the deed and contract, did not know their contents, and would not have signed them if he had. Defendant denied this and stated that he was an equal partner with plaintiff from the inception, that he applied his commission from Mrs. Smith to his half of the down payment and borrowed $200 to make up the balance. Plaintiff's story was corroborated in part by a sister of both parties, and the defendant testified that she had been kept in ignorance of the true facts at plaintiff's request.

The following facts are undisputed: That defendant did not disclose to Mrs. Smith that he was to have a half-interest in the land purchased from her; that his commission from Mrs. Smith for effecting the sale was applied on the down payment (plaintiff termed this a gift); that defendant employed attorneys to examine the abstract of title and paid their fee, for which he was not reimbursed; that defendant paid half the taxes, for which he was not reimbursed; that defendant furnished a tractor for plowing, the labor of one man for a short time, some seed, two roosters, and a part of the lumber for building a shed and tool house. It was likewise undisputed that in the typewritten contract the phrase "Party of the first part" (referring to plaintiff) was written in longhand in the plaintiff's handwriting.

■ In an action to have a deed decreed a mortgage the principal issue is to determine whether the transaction was intended as a loan. The burden is upon the plaintiff to establish that the transaction was a loan by clear, unequivocal, and convincing testimony. Armstrong v. Phillips, 82 Okla. 82, 198 P. 499; Renas v. Green, 88 Okla. 169, 212 P. 755; Sanders v. Bank of Woodward, 169 Okla. 73, 35 P. (2d) 956. Plaintiff failed to sustain this burden. The undisputed evidence more nearly corroborates the defendant's version. The testimony adduced by plaintiff was flatly contradicted by the defendant. As to the disputed testimony, the proposition resolves itself to one of the credibility of the witnesses, and the trial court found the issues in favor of the defendant.

■ Plaintiff complains that if defendant's version is accepted, the latter is relegated to the position of relying upon a contract which is illegal because defendant, as Mrs. Smith's agent in selling the tract, acquired

an interest therein without her knowledge. Defendant's conduct in this respect may be subject to criticism and in an action by Mrs. Smith to rescind the sale would be material. The fact that his conduct may have been improper does not, however, make the entire transaction illegal. The cases cited by plaintiff, Baird v. Conover, 66 Okla. 288, 168 P. 997, and Clark v. Pratt, 93 Okla. 250, 220 P. 903, involve actions between the principal and agent, but they do not hold that the sale is absolutely void. Counsel does not cite any authorities applying the rule of those cases in actions like this between the agent and third persons under which the plaintiff may avoid his deed and contract upon that ground. Neither plaintiff nor Mrs. Smith is here seeking to set aside the conveyance from Mrs. Smith to plaintiff, but plaintiff seeks to have his conveyance to the defendant decreed a mortgage.

■ Plaintiff's motion for a new trial was amended to include the ground of newly discovered evidence. Upon presentation of the motion the testimony of several witnesses was taken and included in the case-made. This testimony was purely cumulative in the sense that it corroborated the plaintiff's testimony at the trial to the effect that he was not at a certain place at a certain time. It does not satisfy the requirements that, in order to justify a new trial, newly discovered evidence must not be merely cumulative nor merely impeaching or contradictory of the former evidence (Holmes v. Chadwell, 169 Okla. 191, 36 P. [2d] 499), nor does it satisfy the other requirements enumerated in that case.

Plaintiff likewise complains that the trial court, in entering judgment quieting title to defendant's undivided half interest in the tract of land, ordered that the plaintiff take nothing. He says that this relieves defendant from paying his half of the notes to Mrs. Smith for the balance of the purchase price. The liability for the unpaid portion of the purchase price was not an issue in the case, and the trial court did not intend to relieve defendant from his obligation in that respect, nor does the judgment have that effect.

The trial court's findings were proper, and no reversible error appearing in the record herein, the judgment should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Fisher Ames, A. M. Beets, and Claude Nowlin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ames, and approved by Mr. Beets and Mr. Nowlin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.