HAMPTON v. KESSLER.

No. 31289. Jan. 25, 1944.

Rehearing Denied Feb. 21, 1944.

*145 P. 2d 955.*

Frank Ertell, of Claremore, for plaintiff in error.

R. A. Hockensmith, of Okmulgee, for defendant in error.

HURST, J. This is an action by the plaintiff, James M. Kessler, to quiet title to an undivided one-eighth mineral interest in a 30-acre tract of land in Okfuskee county. From a judgment in favor of the plaintiff, the defendant, Ruth Hampton, appeals.

On September 6, 1933, G. M. Castle and the defendant, who were then husband and wife, made a property settlement in connection with a pending divorce suit, which later resulted in a divorce decree. They had accumulated a large number of fractional interests in lands in some six counties of Oklahoma. They met in the office of her attorney to make the settlement, and consumed two days in reaching and consummating the settlement. The drawing of the deeds was supervised by her attorney. They used lists that had been prepared in advance, and two of the lists were introduced in evidence, one by each of the parties. Some 12 to 18 deeds were prepared and executed in making the settlement. The deed involved in the instant case, from G. M. Castle to defendant, covered interests in three tracts located in different parts of Okfuskee county, the description being as follows (the last tract being the one involved in the present case):

"An undivided one-eighth interest in and to the East Half of the East Half of the Southeast quarter of the Northwest quarter and the Southeast of the Northeast quarter of Section Seven, Township Thirteen North, Range Ten East; an undivided one-eighth interest in and to

the Southwest quarter of the Southeast quarter and the North Half of the Southeast quarter of Section Thirteen, Township Eleven North, Range Ten East; and the East Half of the Northeast quarter of the Northwest quarter and the East Half of the West Half of the Northeast quarter of the Northwest quarter in Section Thirty-five, Township Eleven North, Range Eight East."

Mrs. Hampton contends that by said deed she acquired the full undivided one-fourth interest in said 30-acre tract then owned by G. M. Castle. Kessler contends that she acquired only an undivided one-eighth interest in said 30-acre tract, the same interest which she acquired in the other two tracts covered by said deed.

At the time said settlement was made Castle owned an undivided one-fourth interest in each of the three tracts described in said deed. On August 10, 1936, he conveyed the undivided one-eighth mineral interest in the 30-acre tract involved in this case to M. O. Brice, and on November 8, 1940, Brice conveyed the same to plaintiff Kessler, who, on December 22, 1941, commenced this suit to quiet title thereto.

Both parties now assert that there is no ambiguity in the description, but they both introduced evidence as to what was intended, and they tried the case on the theory that the description is ambiguous. The defendant, appellant here, will not now be permitted to change her theory and heard to contend that the description is free from ambiguity and thereby secure a reversal. Knox v. Eason Oil Co., 190 Okla. 627, 126 P. 2d 247. We will, therefore, dispose of the case on the theory that the description is ambiguous and susceptible of explanation by parol and other documentary evidence.

The circumstances, shown in the record, in favor of defendant are these: In describing the first two tracts, "an undivided one-eighth interest" is set out, while in the third this is not the case; semicolons only divide the first two descriptions while a semicolon and a period divide the last two; defendant and her relatives, who owned the other interests, assumed full control of the land, collected the rents, and paid the taxes; the list used in making the division, introduced by defendant, is marked so that the land that was to be retained by G. M. Castle was marked "J" for Jack, by which name he was known, the land that was to go to defendant was marked "R", and the tracts in which both were to have an interest were marked "J & R"; the land in question was marked on that list "R" only, while the other two tracts included in the description were marked "J & R", showing that each was to have an interest in those tracts; the fact that the fractional interest was repeated in connection with the second tract, and not in connection with the third; the testimony that the defendant was to have the entire fourth interest in said 30-acre tract, and, in lieu thereof, G. M. Castle was to have the entire interest in a tract in Creek county.

On the side of the plaintiff the record discloses these circumstances: That G. M. Castle owned an undivided one-fourth interest in each of the tracts covered by the description above quoted, and he clearly retained half of his interest in the first two tracts; the young lady who typed the deeds and took the acknowledgments testified that in preparing the deeds she included in the same deeds those lands in which defendant was getting the same fractional interest, which was one-eighth in the three tracts above described, and that she understood that defendant was getting an undivided one-eighth interest in the land involved in this suit; that while G. M. Castle owned only an undivided one-fourth interest in said 30-acre tract, the warranty deed purported to convey either an entire interest or a one-eighth interest, and obviously he did not intend to convey more than he owned; that the use of both the semicolon and the period between the second and third descriptions was obviously a mistake.

In construing a deed of doubtful meaning, the first duty of a court is to

ascertain the intention of the parties, particularly that of the grantor (Trumbla v. State, 191 Okla. 119, 126 P. 2d 1015; Wilson v. Olsen, 167 Okla. 527, 30 P. 2d 710; Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377; 26 C. J. S. 324 § 83), and in doing so the courts should place themselves as nearly as possible in the position of the parties when the deed was executed. 16 Am. Jur. 531, § 168. The rule urged by the defendant that the deed will be construed most strongly against the grantor (16 Am. Jur. 530, § 165), and the rule urged by the plaintiff that a deed will be construed most strongly against the one drawing the deed (26 C. J. S. 322), are subordinate to the rule of intention first above mentioned. The same may be said of the rule discussed by the parties, and found in 18 C. J. 294, § 271 and 26 C. J. S. 383-384, having to do with undivided interests in several tracts. Punctuation is ordinarily given but slight consideration in the construction of deeds. 26 C. J. S. 335; 18 C. J. 258; 16 Am. Jur. 538; 3 A. L. R. 1062.

This being an action to quiet title is one of equitable cognizance, and the judgment appealed from will not be disturbed unless clearly against the weight of the evidence. Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30.

After carefully weighing the evidence, the circumstances surrounding the making of the deed in question, the subsequent conduct of the parties, the rules of construction urged by the parties, and the other rules of construction above stated, we are unable to say that the judgment of the trial court is clearly against the weight of the evidence.

Affirmed.

GIBSON, V. C. J., and BAYLESS, WELCH, and ARNOLD, JJ., concur. CORN, C. J., and RILEY, OSBORN, and DAVISON, JJ., absent.