CHERRY v. WEATHERS.

No. 31828. Dec. 18, 1945.

*164 P. 2d 615.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

B. C. Franklin, of Tulsa, for defendant in error.

WELCH, J. The parties appear here as in the trial court.

Plaintiff alleged that he was the owner and in possession of lot 6, block 3, Rosedale addition to the city of Tulsa. He sought to quiet title. Defendant Weathers denied generally and claimed title by virtue of a certificate tax deed. She claimed possession and further defended upon the theory that the quitclaim deed under which plaintiff claimed "was either a forgery or

was executed by an imposter." The trial court found:

"The court finds that the deed through which plaintiff claims title and the deed upon which he relies, to wit: A purported deed to him from John M. Huddleston, dated May 14th, 1942, page 191, is a forgery; that the former owner of the land in question, John Huddleston, never had a son by the name of John M. Huddleston, and that plaintiff acquired absolutely no title to said property by virtue of said spurious instrument, and that same should be expunged from the record and cancelled."

Among other things, plaintiff urges that the above findings are against the weight of the evidence. If such findings are supported by the weight of the evidence, we need not notice other complaints, for plaintiff must prove his title, otherwise he cannot recover. In Clewell v. Cottle, 99 Okla. 84, 225 P. 946, it was held in paragraph 2 of the syllabus as follows:

"The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims."

This lot had long belonged to an aged negro man who died intestate in 1940. Subsequent to his death the defendant Weathers purchased a tax sale certificate thereon and took possession and claimed title under a purported certificate tax deed. While Weathers was attempting to give notice by publication of intention to obtain tax deed, plaintiff Cherry through agents procured the quitclaim deed upon which he bases his title.

On the issue of whether Cherry's grantor was an heir of the deceased former owner, Huddleston, the defendant introduced several witnesses who had known such former owner closely some 25 or 30 years, all of them having lived next door or near him during most of the time, and having visited with him frequently during such time. They testified that they had never heard that the elder Huddleston had a son, and at least one of the witnesses testified that the old man had told him that he had never had any children. They testified they had never seen anyone at the Huddleston home in the role of a son.

Plaintiff introduced only one witness who claimed to know the grantor. He is the man who procured the deed at the instance of Cherry's attorney. He claimed that he had "hopped bells" with grantor at a hotel in Sapulpa in 1917; that grantor had told him that the elder Huddleston who lived in Tulsa was his father; that witness had been with grantor at his father's home in Tulsa one time; he had seen him only a few times in the past 20 or 25 years.

Plaintiff's attorney testified that in about April or May, 1942, while the notice to obtain tax deed was running, some lady, whom he could not remember, told him the address of grantor in Joplin, and that he had been trying to get in touch with him; that grantor came to Tulsa to see him when he was away, but on that occasion grantor saw Calloway (the above witness who obtained the deed); that several days later he gave Calloway $100, and a deed to be executed; that Calloway went to Sapulpa and found grantor on the street and procured him to execute the deed. The grantor did not appear as a witness.

Plaintiff's evidence taken as a whole is hardly of that convincing character required in such matters. The trial judge was convinced that the alleged heir was spurious and that the testimony of plaintiff's witnesses was unworthy of belief. In the light of the whole record before us, we find no justification for a declaration that the findings of the trial court in that regard are against the clear weight of the evidence.

Much is said in plaintiff's brief concerning the invalidity of defendant's tax deed. The evidence is uncontradicted to the effect that defendant Weathers

is in possession. The error, if any, in quieting her title as against plaintiff's claim is one of which plaintiff cannot complain, and we express no opinion here as to the sufficiency of such deed.

Plaintiff further complains of the animosity of the trial judge toward his witnesses. The record would indicate that any lack of judicial decorum in that regard was engendered by the trial judge's strong conviction that plaintiff's claim of title was wholly spurious. Though it may be that some of the remarks of the trial judge were not entirely pertinent to the issues before him, we are unable to perceive that plaintiff's cause was prejudiced thereby.

Judgment affirmed.

RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.