THOMA v. COATS et al.

No. 34766.   Jan. 29, 1952.

*240 P. 2d 736.*

David C. Matthews and C. R. Kerr, Perry, for plaintiff in error.

Cress & Rosser, Perry, for defendants in error.

BINGAMAN, J.   This action was brought by Edna Maud Thoma against the defendants Golda Coats and John Tyler, individually, and as representatives of a class, seeking to establish fee-simple title in the plaintiff to certain property in the city of Perry.   The named defendants are the adult children of plaintiff.   The trial court held that the plaintiff, in the deed under which she claimed, which was made to her by her father in an attempted distribution of his property between plaintiff, her sister and the grantor's then wife, took only a life estate with remainder in fee to the children surviving her at the time of her death.   Plaintiff appeals.   Pending the appeal plaintiff died and the cause was revived in the name of her administrator.   Prior to her death and after this action was filed, she attempted to dispose of the property by will, bequeathing it to her husband and mother to the exclusion of defendants.

The deed involved in the controversy reads as follows:

"Know All Men by These Present:

"That, John W. Bryant (otherwise known as J. W. Bryant) and his wife, Rowena Bryant, of Perry, Noble County, State of Oklahoma, parties of the first part, in consideration of the Sum of Love and Affection and One Dollar in hand paid, the receipt of which is hereby acknowledged, under the limitation hereinafter shown does hereby Grant, Bargain, Sell and Convey unto Edna Thoma, permanent home is Perry, but now is at Vandover, Utah (she being a daughter of John W. Bryant) of. . . . County, State of. . . .party of the second part the following described property and premises situate in Noble County, State of Oklahoma, to wit:

"The West thirty feet of Lots 23 and 24 all of Lots 25, 26, 27 & 28, in Block 41 in the original townsite of Perry; and Lot 20 in Block 46 in the townsite of North and West Perry, and Lot 17 and the East 10 feet of Lot 18 in Block 11 in the Original Townsite of Perry.

"This grant is unto her subject to a life estate which we retain in John W. Bryant, so long as he lives and he retains all rents, profits and uses and control and possession during his life time.

"This grant is also limited to the effect that the inheritance and succession of the property is upon her death to pass to her children and their issue and heirs.

together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

"To Have and To Hold Said Described premises unto the said party of the second part, and to such of her heirs above indicated and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature.

"Signed and delivered this 2nd day of June, 1947.

"John W. Bryant
"Rowena Bryant."

Plaintiff contends that by the terms of the deed the grantor attempted to vest in plaintiff and her children an estate in fee-tail, void under our statute, 60 O.S. 1951 §§24 and 25, and that thereby she became vested with a fee-simple title. In the alternative she contends that if it did not convey an estate in fee-tail the limiting paragraph immediately following the reservation of a life estate in the grantor was nothing but a statement of opinion as to the legal effect of the deed. The defendants, on the other hand, contend that the deed establishes beyond question that it was the intention of the grantor to vest in plaintiff only an estate for life, with a remainder over in fee-simple to her children at the time of her death. Plaintiff died leaving surviving her no children except the named defendants.

We think the contention of defendants, which was sustained by the trial court, must also be sustained here. We have many times held that the cardinal rule in construing a deed is the true intent of the maker, ascertained, if possible, from the terms of the deed itself, and in case of uncertainty from the surrounding facts and circumstances. White v. Wester, 170 Okla. 250, 39 P. 2d 22; Purcell v. Thaxton, 202 Okla. 612, 216 P. 2d 574. When the deed is so construed we think the conclusion is inescapable that the grantor intended to convey to plaintiff only a life estate, with the remainder over in fee to her children in being at the time of her death.

It is noteworthy that the granting clause of the deed is expressly limited and made subject to the limitation below, and while that limitation does not in terms restrict the grant to her to a life estate only, it must be borne in mind that no particular form of words is necessary to create a life estate, but such estate may be created when the language of the deed manifests such intention. 33 Am. Jur., p. 465, §6; 26 C.J.S. p. 403, §112. It is also noteworthy that the habendum clause runs, not to plaintiff and her heirs, but to plaintiff and "such of her heirs above indicated." We think if the limitation in the deed is to be given any effect at all, it necessarily and unmistakably indicates that the grant to plaintiff was simply a life estate, the property upon her death to pass to her children in fee. The limitation is made somewhat ambiguous by the use of the words inheritance and succession therein, but that does not detract from the manifest intention of the grantor, since the inheritance or succession could not pass to the children unless the property also passed. Nor does the creation of a life estate following the life estate reserved to the grantor violate our statute, 60 O.S. 1951, §§36 and 37, since both the persons to whom the life estates were reserved and granted were in being at the time the life estates were created.

A case quite similar to the case at bar is Smyth v. Fogle, 150 Iowa 161, 129 N.W. 735. In that case the grant was to grantee "and at her death to go

to her children." The Supreme Court of Iowa held that the language could not be construed to give the grantee a fee, and that to reach such result it would be necessary to disregard the quoted words, which positively and certainly conveyed a remainder to the children necessarily resulting in a life estate to her.

Another somewhat similar case is Reuter v. Reuter, 116 Neb. 428, 218 N. W. 86. In the deed involved in that case the grant was to the grantor's daughter without qualification, but immediately after the description of the land it recited that it was made subject to the express condition, among others, "that upon the death of the said Rosina Reuter the . . . land shall descend to and the title . . . shall vest in her children and their descendants as by right of representation." The Supreme Court of Nebraska held that when this deed was construed according to the intention of the grantor it conveyed to his daughter only a life estate with the remainder in fee to her children and their descendants.

Plaintiff's contention 'that the language of the deed attempted to establish an estate tail is based upon the fact that upon her death the inheritance was to pass to her children and their issue and heirs, which was equivalent to a conveyance to herself and to the heirs of her body. But in Whitten v. Whitten, 203 Okla. 196, 219 P. 2d 228, and again in Beatty v. Miley, 204 Okla. 634, 233 P. 2d 269, we held that deeds conveying to the grantee a life estate with remainder over to the children of the grantee were valid.

Plaintiff also contends that the trial court erred in admitting parol evidence to aid the court in the interpretation of the deed for the reason that the deed was plain and not ambiguous. We think the use of the words inheritance and succession in the limitation renders it to a certain extent ambiguous, and that the action of the trial court in admitting parol evidence was not erroneous. The trial court permitted the attorney who drew the deed to testify as to statements made to him by the grantor at the time the deed was made. He testified that the grantor stated that the property should go to his own people and said, "I just feel like I just don't want that so that it can be disposed of by some husband, or fall into his hands by death or any other thing." The attorney evidently attempted to set forth the intention of testator, but for some reason did not undertake to specifically limit the interest of the grantee to a life estate. We think the language in the deed sufficient, since in no other way could the expressed intention of the grantor be carried out.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.