Dorothy B. M. DWELLE, formerly Dorothy B. M. Summers, Plaintiff in Error,

v.

Mary W. GREENSHIELDS and Martha A. Schultz, Defendants in Error.

No. 37123.

Supreme Court of Oklahoma.

Dec. 4, 1956.

Rehearing Denied Jan. 15, 1957.

Elam & Crowley, Enid, for plaintiff in error.

McKnight & Gasaway, Enid, for defendants in error.

### PER CURIAM.

This action was brought by the defendants in error to quiet their title to the north 75 feet of Lots 17, 18 and 19, in Block 54, Original Townsite of the City of Enid. The plaintiff in error answered and alleged that she was the record owner of the south 75 feet of the described lots and was the owner by prescription of the south 6.3 feet of the north 75 feet of said lots. The court rendered judgment for the defendants in error. Plaintiff in error appeals. The parties will hereinafter be referred to by their trial court designations.

The material facts are: In 1910 Robert L. Kinghan owned lots 17 and 18 of Block 54. In that year he constructed a brick building on the south part of these lots. It now appears that the north wall of this building is approximately 68.66 feet south of the north line of said lots. This building, as enlarged in a manner not here material, is still in existence. In 1920, Kinghan acquired Lot 19 of said block. In 1929 he executed a Special Warranty Deed to J. N. Courter, conveying:

> "The North 75 feet, more or less of Lots 17, 18 & 19 in Block 54 Original Townsite of said Enid, Okl., includeing one half of brick wall adjoining said property on the South."

This deed was promptly recorded. In 1946, Courter, using the same description as that in his deed from Kinghan, conveyed to persons who thereafter conveyed to plaintiffs' predecessors in title. Courter's deed was likewise recorded. In these subsequent conveyances the property was described as the "North 75 feet" of the lots without reference to the brick wall. The original owner, Kinghan, retained the remainder of the lots until 1939, when he conveyed the "South 75 feet" to those through whom defendant claims. Kinghan and those to whom he conveyed the "South 75 feet" of these lots have always had the possession, occupancy, or control, of the building and the unimproved portions of the lots to the line of the north wall of the building. The plaintiffs, or their predecessors in title,

have never had possession of any of this disputed property. The value of the building is assessed for taxes against the "South 75 feet" of the lots. In 1953, a survey was made which disclosed to the present owners that the north wall of the building was 6.34 feet north of a line 75 feet south of the north side of these lots. This 6.34 foot width across this property is the subject of the controversy. Neither Kinghan nor his grantees testified.

The case was tried to the court, who overruled the defendant's demurrer to the plaintiffs' evidence, and, at the conclusion of all the evidence, rendered judgment quieting plaintiffs' title to the north 75 feet of the described lots.

■ In an action to quiet title, the burden is on plaintiff to allege and prove that he is the owner of either the legal title or the complete equitable title. Failing in this, it is immaterial to him what title the defendant asserts. Cherry v. Weathers, 196 Okl. 265, 164 P.2d 615. Thus, unless the plaintiffs have established their title to the property here in controversy, the judgment in their favor is erroneous.

All through the trial of this action plaintiffs, as well as the trial court, apparently proceeded on the theory that they had record title to the north 75 feet of these lots. We do not believe this is the import of the base deed from Kingham to Courter through which plaintiffs deraign their title.

■ In determining the property conveyed, as in other questions concerning the effect of a deed, all parts of the description should be taken together and no word or phrase can be permitted to absolutely control the others. Billingslea v. Booker, Okl., 263 P.2d 176; Case v. Case, 207 Okl. 681, 252 P.2d 432; Hampton v. Kessler, 193 Okl. 619, 145 P.2d 955. The matter to be established is the intention of the parties to the conveyance and this intention is to be gathered from the whole description. Federal Land Bank of Wichita, Kansas v. Nicholson, 207 Okl. 512, 251 P.2d 490. We cannot assume that any part of the description was inserted inadvertently, but, on the contrary, we must assume that each word, each phrase, and each clause, was intended to have some meaning. In 26 C.J.S., Deeds, § 100c, p. 870, it is said:

"* * * where the description in a deed closes with a clause which clearly and unequivocally sums up the intention of the parties as to the particular property conveyed, such clause should be given its proper effect on all the antecedent phrases in the description."

This rule is especially applicable where reference to a boundary monument is contained in the description, for in such instances the reference to a fixed boundary monument should be given great weight. See Roetzel v. Rusch, 172 Okl. 465, 45 P.2d 518; Anderson-Prichard Oil Corp. v. Key Okla Oil Co., 149 Okl. 262, 299 P. 850; State of Oklahoma v. State of Texas, 268 U.S. 252, 45 S.Ct. 497, 69 L.Ed. 937; Phillips Pet. Co. v. Threlkeld, 10 Cir., 123 F.2d 434.

■ In the instant case, the deed through which plaintiffs deraign title conveys "75 feet, *more or less*." These are words of care and caution, and, where other circumstances so indicate, show that a stated distance or quantity in a deed is not exact. Thus, the 75 feet here referred to must be related to the brick wall "adjoining said property on the south." So construed, and considering all items of the description, it is apparent that the boundary of the property conveyed by the deed was fixed as the center of the brick wall of the building rather than at a line exactly 75 feet from the north property line. Any other conclusion ignores the plain reference in the deed and would make the entire description irreconcilable. It follows that plaintiffs failed to establish title to any of the 6.34 feet in dispute.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

The Court acknowledges the aid of the Supreme Court Commissioners in the prep-

aration of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Jean .R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.