R. J. DAVIS, Plaintiff in Error,

v.

Grace MOORE, G. C. Davis, Stella McCollough, and the Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns, Immediate and Remote, of W. L. Davis, Deceased, Defendants in Error.

No. 40160.

Supreme Court of Oklahoma.

Oct. 15, 1963.

Rehearing Denied Dec. 20, 1963.

Tony Jack Lyons, Pryor, for plaintiff in error.

Wilkerson & Wilkerson, Pryor, for defendant in error.

**WILLIAMS, Justice.**

The question to be decided by this appeal is whether to affirm the trial court's judgment that a purported quit-claim deed was intended to be an absolute conveyance rather than a mortgage.

Reference to the named parties, all brothers and sisters, is made here as in the trial court.

The plaintiff brought suit on March 22, 1960, to quiet title. He alleged that he was the owner of the equitable title of the tract of land involved in this appeal subject only to his contractual rights and obligations with J. F. and Bettie E. Oller, owners of the legal title to said tract; that in 1957, he borrowed certain monies from his father, W. L. Davis, now deceased; that to secure payment of such monies he executed and delivered to his father a quit-claim deed which described subject tract of land; that it was the mutual intentions of plaintiff and his father that the deed was to secure payment of said moneys and was not intended to be an absolute conveyance; that plaintiff thereafter paid his father the monies borrowed from him; that plaintiff was entitled to have such deed adjudged and decreed to be a mortgage; that the indebtedness secured thereby had been paid; and that the same should be cancelled.

Plaintiff further alleged that at the same time such deed was prepared a will was drawn which was properly executed by his father; that under the terms of such will the aforementioned tract of land was devised to plaintiff; that prior to his death plaintiff's father executed a power of attorney and a "revocation of will"; that such instruments are null and void for the reason that the father was under the influence of properly administered drugs at the time of the execution thereof.

Defendants in their answer alleged that W. L. Davis furnished the money for the payments made by or for plaintiff, under the contract with the Ollers, on the purchase price of the tract of land here involved; that such tract was deeded to

their father so that he could sell and dispose of it and thereby obtain funds for his expenses and medical bills. Defendants further denied that there was in existence at the time of the death of Mr. Davis, Sr., their father, an unrevoked will executed by him.

After the trial to the court, judgment was entered decreeing that said quit-claim deed was an absolute conveyance; and that the tract of land here involved belonged to the estate of W. L. Davis.

Plaintiff presents the assignments of error relied upon for reversal under two propositions. In our opinion only the following matters need be considered in determining the merits of this appeal.

The principal questions involved are construction of the instrument executed by the plaintiff, and a consideration as to whether such instrument was intended by the parties to be a deed or to operate only as a mortgage.

The purported deed executed by the plaintiff was in the usual form, but contained the following provision:

"(This deed is executed to the grantee subject to the terms and conditions of a written contract dated August 1, 1949, and appearing of record in the office of the County Clerk of Mayes County, Oklahoma, in Book 252 at page 375. It is not to be considered as an assignment of the contract but with the understanding that the grantee has and does obligate himself along with the grantor to perform the terms and conditions of said agreement.)"

One of the terms of that contract was that plaintiff would pay $500.00 per year on purchase price of the land.

Plaintiff urges that, even though the instrument was a deed in form, nevertheless the evidence establishes that same was intended only as a mortgage. The basis of this argument is that W. L. Davis loaned

to his son, the plaintiff, $1800.00. That money was used by plaintiff to buy milk cows, etc. recently awarded his wife in an action in which she had obtained a divorce from him. Upon this premise, plaintiff contends that under our statute, 46 O.S. 1961 § 1, and our decisions involving this question, even though a deed is absolute upon its face, if taken as security for debt the instrument is nothing more than a mortgage. See Fourth Nat. Bank v. Memorial Park, 181 Okl. 574, 75 P.2d 887. Edmundson v. State ex rel. Johnson, 181 Okl. 150, 73 P.2d 150.

We adhere to the rule that the burden is upon one seeking to have an instrument which, upon its face, is an absolute, unqualified conveyance, of real property, declared to be a mortgage, is upon the party asserting such fact. And, the evidence in such cases must be clear, unequivocal and convincing. Holly v. Holly, 174 Okl. 626, 51 P.2d 527; Hill v. Hill, 202 Okl. 483, 215 P.2d 553; Gilpatrick v. Hatter, Okl., 258 P.2d 1200. As hereinafter developed, we are of the opinion the trial court correctly found that the conveyance under consideration was not intended as a mortgage.

The instrument was drawn upon the customary printed form, and was prepared in the grantor's, plaintiff's presence by a qualified attorney. Concerning the execution of the instrument this attorney, as a witness, testified that plaintiff and his father, grantee, came to see him and that "R. J. Davis told me that he and his father were both sick and that his father had paid the purchase price on this land and that he wanted him to own the land for his own protection in his last days. * * *"

In this connection the plaintiff testified:

"Q. Just tell what was said, Mr. Davis?

"A. Well, we just said we wanted to make out a quit claim deed which R. A. (the attorney) made up, and then we told him we wanted a will made out at that time, and he made it out.

"Q. Tell us what other conversation went by? Was there any reason given for the making out of the deed?

\* \* \* \* \* \*

"A. Well, it was to—it was made up for the reason to secure my father's money for $1800.00.

"Q. Money that's been loaned to you?

"A. That had been loaned to me.

\* \* \* \* \* \*

"Q. Was there anything—well, tell us if there was any conversation about the will, why it was made out?

\* \* \* \* \* \*

"A. Well, the will was made out to me to protect me in case something happened to my dad. We was both in poor health."

Plaintiff argues that the provision in the deed relating to W. L. Davis binding himself to perform plaintiff's obligations to the Ollers, above-quoted, and the execution by W. L. Davis of his will in favor of plaintiff, demonstrated the existence of indebtedness from plaintiff to his father.

■■ In construing a deed of doubtful meaning a court's first duty is to ascertain the intention of the parties, particularly that of the grantor. Hampton v. Kessler, 193 Okl. 619, 145 P.2d 955, and cases therein cited. This is done, if possible, from terms of the deed itself, and in cases of uncertainty from the surrounding facts and circumstances. Thoma v. Coats, 205 Okl. 688, 240 P.2d 736. Measured by the foregoing rules, a reasonable interpretation of the language used in purported deed, in the light of all the surrounding circumstances, makes it clear the grantor intended a present grant of a fee-simple title to his father, without releasing himself from the contract with the Ollers. This interpretation gives effect to the entire instrument, without giving undue preference to any particular part thereof and is consistent with the later acts of the parties in connection therewith. See White v. Wester et al., 170 Okl. 250, 39 P.2d 22.

■ We have in numerous cases held that whether a deed absolute in form was in fact a mortgage depended upon whether or not the transaction was intended to be a loan, and that the decisive question was whether there was a debt for which the conveyance was only a security, and the collection of which could be enforced independently of the security. Renas v. Green, 88 Okl. 169, 212 P. 755; Miller v. Bush, 200 Okl. 465, 196 P.2d 692.

■ Measured by these rules, we think the evidence of plaintiff fails to establish that the deed was intended to be a mortgage. The instrument was drawn by an attorney and executed by plaintiff and acknowledged in the office of the attorney. This attorney had been plaintiff's lawyer in his litigation, recently concluded, with his former wife.

■ This being an action of equitable cognizance, the finding of the lower court should be sustained unless it appears that its finding is clearly against the weight of the evidence. Atteberry et al. v. Aulick et al., 204 Okl. 540, 231 P.2d 993. See also Voris v. Robbins, 52 Okl. 671, 153 P. 120.

■ Defendants claim Mr. W. L. Davis revoked the will to which reference has been made. The trial court properly concluded he had no jurisdiction to admit the will to probate or to find that it had been revoked.

From the fact that he determined that judgment should run in favor of defendants, the trial court apparently was of the opinion either that the execution of the will by W. L. Davis, if not revoked by him, was an indication of his (W. L. Davis') intention that the quit-claim deed should be an absolute conveyance to him or that the probative value thereof to establish plaintiff's claims was overcome by other evidence. We agree.

■ It is true that the evidence shows that the plaintiff retained possession of the land in controversy. This fact was entitled to be given weight in favor of plaintiff. However, possession is but one of the con-

trolling indicia and not an infallible test in cases like the one under consideration. Clark v. Woodruff, 90 Mich. 83, 51 N.W. 357. Voris v. Robbins, supra.

In the case of Gilpatrick v. Hatter, Okl., 258 P.2d 1200, supra, in the fourth paragraph of the syllabus, we held:

"When an instrument on its face is an absolute and unqualified conveyance of realty, before a party can have it declared to convey only a legal estate as security, the burden is upon him to establish by clear, unequivocal and satisfactory proof that such instrument was intended to convey such lessor estates; * * *."

According to the trial court's judgment, plaintiff did not meet such burden.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.