A. H. TURNER, Appellee,

v.

Wm. E. McBROOM, William H. Clement, Caryle L. Olive, Maxine McBroom, Independent Executor of the Will and Estate of Pat McBroom, Deceased, Appellants.

No. 49841.

Supreme Court of Oklahoma.

May 31, 1977.

Shutler, Baker, Simpson & Logsdon by Harold Logsdon, Kingfisher, for appellee.

Helton & Douglass by R. M. Helton, Wichita Falls, Tex., for appellants.

BERRY, Justice:

Plaintiff brought his action to quite title of his interest in the Northeast Quarter of

Section Thirty-Two, Township Seventeen North, Range Five West of the Indian Meridian, Kingfisher County, Oklahoma. The trial court quieted title in plaintiff on stipulated facts and defendants appeal. We reverse.

The dispute arises from construction of a reservation clause in a warranty deed conveying a one-third undivided surface and mineral interest from defendants' predecessors-in-title to plaintiff. Specifically, the deed provides:

"An undivided one-third interest in and to the Northwest Quarter and the Northeast Quarter of Section Thirty-two (32), and Lots Seven (7) and Eight (8) of Section Twenty-nine (29) and Lots Six (6), Seven (7), Eight (8) and Nine (9) of Section Thirty (30), all in Township Seventeen (17) North, Range Five (5) West of the Indian Meridian.

"Expressly excepting and reserving therefrom, unto the grantor, Frances Loomis Shipman, an undivided one-half of said one-third interest, being in all an undivided one-sixth in and to the whole, in the oil, gas, and other minerals in and under and that may be produced from said real property, for a term of fifteen (15) years from said date, and as long thereafter as oil, gas or other minerals are produced therefrom in paying or commercial quantities; provided, however, that the grantee herein, his successors and assigns, shall have the exclusive right to lease said real property for oil, gas or other minerals and said grantor shall have no right or interest in delay rentals payable under the existing oil and gas lease now covering said land, nor any right to, nor in, any bonuses paid to the land owners for the execution of subsequent mineral leases covering said land, nor in any delay rentals payable thereunder, all of which rights and interests are conveyed hereby to the grantee his successors and assigns; provided, that any such future mineral leases shall retain to the owners of the minerals not less than one-eighth of all such minerals produced."

The foregoing was executed on March 10, 1953. Therefore, the reservation would expire March 10, 1968; however, should "oil and gas or other minerals (be) produced therefrom in paying or commercial quantities", the reservation would continue past the 15 year term until such production ceased.

The parties agree that as to the tract in question "there was no oil or gas operations or activity from May 19, 1969, until the same was renewed in 1974 under (a) new oil and gas lease . . ." by plaintiff as lessor. Plaintiff alleged, therefore, the reservation terminated as to that tract. However, the parties further agreed there has been continuous production on one or more of the tracts since execution of the deed. Defendants maintained production on any tract was production on the tract in question since the reservation was applicable to all eight tracts as a unit.

The trial court held plaintiff was entitled to quiet title relief and found ". . . said property became nonproductive of oil, gas and other minerals prior to June 12, 1974, and . . . by virtue of the cessation of production from the . . . described real property the term royalty interest in Francis Loomis Shipman and her successors in title ceased . . . and reverted to the plaintiff." We disagree.

Resolution of this matter lies in construction of the deed. We are guided by *Dwelle v. Greenshields*, Okl., 305 P.2d 1038, 1039, wherein it is said:

"The cardinal rule in construing a deed is the true intent of the parties thereto, as that intent may be discerned from the instrument itself, taking it all together, considering every part of it, and viewing it in the light of the circumstances existing at the time of its execution."

In reaching our decision we are not unmindful of the often stated rule that deeds be construed most strongly against the grantor. See *Federal Land Bank v. Nicholson*, 207 Okl. 512, 251 P.2d 490.

Here there is no evidence concerning circumstances surrounding execution and delivery of deed in question or any indication

which party drafted the deed. Therefore, we are left to ascertain the intention of the parties from within the four corners of the document.

Defendants maintain on appeal that since the requirements of the "thereafter" clause are met as to one tract of the grant, they are met as to the entire interest. They argue the consideration for the interest conveyed was single and, therefore, the deed is entire and is indivisible regardless of the number of tracts conveyed; in short, the eight tracts were conveyed as a unit. They further argue use of such phrases as "expressly excepting and reserving therefrom," "in and to the whole," "from said property," "and therefrom," clearly indicate intent of grantor to treat tracts conveyed as a unit. Plaintiff maintains grantor intended to treat the tracts individually and separately; he argues if the grantor intended otherwise the northwest quarter and northeast quarter would have been conveyed as the north half.

Plaintiff's argument carries weight. However, upon considering singleness of consideration and construing the granting clause and reservation clause together, defendants' position is persuasive. We conclude, considering the deed as a whole, intent of the parties was to treat the several tracts conveyed as a unit. See *Dickerson v. Ray et al.*, 20 Ill.2d 107, 169 N.E.2d 341. Therefore, plaintiff's interest in the tract in question is not freed of defendants' royalty interest by cessation of production upon it alone.

Reversed.

All Justices concur.