JIM WALTER HOMES, INC.,
Appellant,

v.

The COUNTY CLERK OF OKFUSKEE
COUNTY, Oklahoma, Appellee.

No. 65104.

Court of Appeals of Oklahoma,
Division No. 4.

Dec. 16, 1986.

Rehearing Denied Jan. 20, 1987.

Certiorari Denied March 10, 1987.

Lawrence A.G. Johnson, Mary Kathryn Gilmore, Tulsa, for appellant.

James F. Deaton, Asst. Dist. Atty., Okemah, for appellee.

STUBBLEFIELD, Presiding Judge.

Jim Walter Homes, Inc., is engaged in the business of building homes. In most instances, a landowner contracts with Walter to build a home on unimproved land and Walter takes a mortgage on the land as security for the contract price. When a mortgagor fails to make required payments, Walter obtains a foreclosure judgment for the amount of the money due on the contract and bids that amount when the property is sold at sheriff's sale. If Walter is the successful bidder, the property is conveyed to Walter by sheriff's deed. When such a deed is recorded in Okfuskee County, the county clerk requires that a documentary stamp tax be paid pursuant to 68 O.S.1981 § 5101.

Walter filed this action against the County Clerk of Okfuskee County on behalf of itself and others similarly situated seeking a declaratory judgment that the tax is not applicable in such a situation, and also seeking a refund of all taxes paid pursuant to this requirement by the county clerk. The trial court ruled that the tax stamp requirement was lawful, and Walter appeals.

### I

In its brief-in-chief, Walter states three propositions of error which merely represent its arguments rejected by the trial court:

1. The provisions of 68 O.S. [sic] § 5101 and 5102 are vague and the terms as defined are wholly inconsistent with the imposition of a tax on transactions such as the one in the case at bar.

2. Statutory exemption 68 O.S. [sic] § 5102(13) contemplates the exemption of purchase money mortgages. Appellant's transaction falls into this category.

3. Deeds of release of property which is security for a debt are exempt under § 5102, so it would be illogical to hold that those obtained through the court system are not.

Close scrutiny of these propositions of error indicates that they are, in reality, a single argument that proper construction of the pertinent statutes dictates that a tax not be imposed on this type of transaction. Although the first proposition describes the statutes as vague, there is no claim that they are unconstitutionally vague.

Title 68 O.S.1981 § 5101 provides:

A. A tax is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty *sold* shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the *consideration* or value of the interest or property conveyed, *exclusive of the value of any lien or encumbrance remaining thereon at the time of sale,* exceeds One Hundred Dollars ($100.00). The tax shall be at the rate of seventy-five cents ($0.75) for each Five Hundred Dollars ($500.00) of the consideration paid or any fractional part thereof.

B. The tax is limited to conveyances of realty sold and does not apply to other conveyances. The tax attaches at the time the deed or other instrument of conveyance is executed and delivered to the buyer, irrespective of the time when the sale is made.

C. As used in this section:

1. "Sold" means a transfer of an interest for a valuable consideration, which may involve money *or anything of value;* and

2. "Deed" means any instrument or writing whereby realty is assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or, at his direction, any other person. (Emphasis added.)

Walter first argues that the property was not *sold* because no consideration passed in the transaction. In support of its argument that no consideration passed, it contends that it merely bid its judgment amount at the sheriff's sale and exchanged its judgment for the deed to the property. Walter asserts that this type of transaction does not represent a sale, but is merely a

means of "getting back," by sheriff's deed, the value which it extended on credit.

In construing statutes, words are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that words explained in the statutes are to be understood as thus explained. 25 O.S.1981 § 1. Neither party has offered any citation of authority involving judicial construction of the pertinent statutes. Indeed, both parties maintain that the issue is one of first impression in this state.

The parties, however, overlook the fact that the major provisions of the Documentary Stamp Tax Act, 68 O.S.1981 §§ 5101 through 5106, were taken from long-standing federal statutes. In the enactment of the Oklahoma Act, the legislature adopted the Federal Stamp Tax Act, 26 U.S.C. §§ 4361 through 4363, originally adopted in 1926 and *repealed by* Pub.L. 94–455 § 1904(a)(12), Oct. 4, 1976. Therefore, there are numerous cases which have interpreted 26 U.S.C. § 4361, which contains the exact language of our statute. *See Phillips Petroleum Co. v. Jones,* 176 F.2d 737 (10th Cir.1949); *Railroad Federal Savings & Loan Association v. United States,* 135 F.2d 290 (2d Cir.1943).

However, in determining whether the transaction in question constituted a sale, we begin with the statutory definition of sold as a "transfer of an interest for a valuable consideration, which may involve money *or anything of value.*" 68 O.S. 1981 § 5101(C)(1) (emphasis added). We also look at statutory characterization of similar transactions.

■ For all intents and purposes, a mortgage is a security for a debt, not an estate, and until foreclosure, the interest of the mortgagee is only a right to acquire an estate in the land. *See* 12A O.S.1981 § 9–105. *See also Charlestown Five Cent Savings Bank v. White,* 30 F.Supp. 416 (D.Mass.1939). Oklahoma statutes provide that if the mortgagor defaults, the mortgagee may enforce the mortgage by obtaining a judgment for the amount due and "for *sale* of the property charged and the application of the proceeds.... No real

estate shall be *sold* for the payment of any money ... in security for which it may have been pledged ... except in pursuance of a judgment of a court of competent jurisdiction ordering such *sale.*" 12 O.S. 1981 § 686 (emphasis added).

■ Walter, as mortgagee, by accepting the deed in satisfaction of its judgment, surrendered an asset valued at the face value of its judgment. *See Railroad Federal,* 135 F.2d at 292. This asset, the judgment, was surrendered as the consideration for the deed from the sheriff and constituted valuable consideration. Therefore, we conclude that every requirement of a sale was met, and unless the transaction is exempt under section 5102, it is subject to the documentary stamp tax.

II

Exemptions from the provisions of section 5101 are provided in 68 O.S.1981 § 5102. The following is specifically urged by Walter as exempting it from the payment of stamp tax:

The tax imposed by Section 5101 of this title shall not apply to:

..... .

13. Deeds in foreclosure actions where (1) the purchaser was the original grantor to the defendant; and (2) the purchaser is the plaintiff in the foreclosure action; and (3) the purchaser bid the amount of the judgment or less and no cash consideration is paid; provided, however, the tax shall apply to deeds in all other foreclosure actions, unless otherwise hereinabove exempted, and shall be paid by the purchaser in such foreclosure action.

68 O.S.1981 § 5102.

■ Walter's contention is that this statutory exemption was intended to exempt purchase money mortgages, which is what Walter claims it had. And, indeed, there are similarities between the standard purchase money mortgage and the standard Walter transaction—principally that the mortgage was given to secure a purchase. There are differences, however. The mortgaged land was not purchased with the

money advanced by Walter—only the improvements added by Walter. Thus, Walter holds a mortgage interest in real property that was not purchased by money advanced by Walter. Walter's situation is thus more similar to that of one who remodels homes and takes a mortgage to secure the amount advanced for repair or remodeling of a home already owned by the mortgagor. Both situations would involve the mortgagee's, upon foreclosure, gaining title to property which it had not previously owned. However, the exemption clearly anticipates a situation where a prior sale has failed and the encumbered property is returned to the original grantor. It is a legislative exemption for the deed that does nothing more than return the property involved in a sale to an original grantor who did not otherwise realize a profit from the return. However, the sheriff's deed herein transferred title to land never owned by Walter. It is, therefore, not strictly a purchase money mortgage situation and does not clearly fall within the statutory exemption. Therefore, we conclude that the present transaction does not fall within the purview of section 5102(13).

### III

Walter also proposes that this transaction is so similar to another statutory exemption, 68 O.S.1981 § 5102(6), that it would be illogical not to allow an exemption herein. Section 5102(6) provides that "[d]eeds of release of property which is security for a debt or other obligation" are exempt from documentary stamp tax.

However, the section has little relationship to Walter's circumstances. Section 5102(2), as a predicate to section 5102(6), exempts *deeds* which secure debts and reflects the legislature's understanding that such deeds are not actually conveyances, but are intended as security for the payment of money. Indeed, such deeds are construed as mortgages. *Davis v. Moore*, 387 P.2d 483 (Okla.1963); 46 O.S.1981 § 1. *See also Republic Financial Corp. v. Mize*, 682 P.2d 207 (Okla.1983). Likewise, section 5102(6) reflects that a deed given to "release" an earlier "security deed" is in

reality a release of mortgage and such conveyance should not be subject to documentary stamp tax.

 However, the sheriff's deed here was a conveyance of a present ownership interest. It was not given as security for the payment of money. The two situations are not analogous, and we conclude that the section 5102(6) exemption does not apply directly or by inference to the circumstances herein.

The decision of the trial court is affirmed.

BRIGHTMIRE, J., and REIF, J. (sitting by designation), concur.