## BARNARD v. WEST.

No. 12795—Opinion Filed Jan. 15, 1924.

Rehearing Denied May 13, 1924.

1. **Oil and Gas—Assignment of Lease— Damages for Failure of Title.**

In an action to recover damages for the alleged breach of an express warranty of title contained in the assigment of an oil and gas mining lease, where it is apparent from the fair import of the language in both the granting clause and the warranty clause in said assignment taken and construed together in the light of the entire instrument that it was the intention of the assignor to assign and transfer a certain leasehold estate for oil and gas mining purposes in a tract of land, and where in such assignment the assignor expressly covenants that he is the lawful owner of said lease, that he had good right and authority to sell the same, and would warrant and defend the title thereto against the lawful claims and demands of all persons whomsoever, the court will give effect to such intention and the assignor will be liable to the assignee for a breach of such warranty.

2. **Pleading—Sufficiency of Petition on Demurrer.**

On demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

3. **Same.**

Record in the instant case examined, and held, that upon a reasonable construction of the allegations contained in the petition, aided and explained by the exhibits attached, the petition stated a cause of action.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by H. G. Barnard against C. W. West. Judgment for defendant, and plaintiff appeals. Reversed.

John Rogers, for plaintiff in error.

Shell S. Bassett, for defendant in error.

Opinion by FOSTER, C. H. G. Barnard, plaintiff in error, plaintiff below, sued C. W. West, defendant in error, defendant below, in the district court of Tulsa county, Okla., to recover the sum of $2,400 for the alleged breach of warranty of title in the sale of an oil and gas mining lease. The parties will be referred to as they appeared in the court below.

From a judgment of the trial court sustaining a demurrer interposed by the defendant to plaintiff's amended petition, the plaintiff appeals and assigns as error the action of the trial court in sustaining said demurrer.

The facts as disclosed by the amended petition are, substantially, that on the 10th day of June, 1918, the defendant, C. W. West, assigned and conveyed to the plaintiff, H. G. Barnard, an oil and gas leasehold estate covering 80 acres of land in Eastland county, Tex., for a consideration of $2,400, said oil and gas leasehold estate being created by virtue of an oil and gas mining lease executed by H. H. Rodgers and Alma Rodgers of Eastland, Tex., to Jean P. Day; that in said assignment the defendant purported to assign and convey all of the interest of the original owner of said oil ond gas lease as well as the interest of the defendant, and contained an express covenant on the part of the defendant that he was the lawful owner of said oil and gas lease, had a good right to sell and convey the same, and that he would warrant and defend the same against the lawful claims and demands of all persons whomsoever; that at the time of the execution of said oil and gas mining lease by H. H. Rodgers to Jean P. Day, and at the time of the assignment and conveyance of the same by defendant to plaintiff, the said H. H. Rodgers and Alma Rodgers and the said defendant had no right, title, or interest in the oil, gas or other minerals in said land so assigned and conveyed, but at the time of said conveyance the entire title to all oil, gas, coal, and other minerals in said land was owned by the Houston & Texas Central Railway Company, whereby the title to said oil and gas lease so assigned and conveyed by defendant to plaintiff wholly failed; that plaintiff notified the de-

fendant of the failure of title to said oil and gas lease and requested defendant to repay the said sum of $2,400.

Plaintiff attached a copy of said assignment to his petition, the material parts of which are as follows:

"Whereas, on the 22nd day of September, 1917, a certain oil and gas mining lease was made and entered into by and between H. H. Rodgers and Alma Rodgers, lessors, and Jean P. Day, lessee, covering the following described land in the county of Eastland and state of Texas, to wit: 80 acres of land in Eastland county, Texas, out of section 21, H. & T. G., block 1, Abstract 204, described in deed from James Noel to H. H. Rodgers said deed being recorded in Volume 53, page 426, deed records of Eastland county, Texas. Said lease being recorded in the office of the register of deeds in and for said county in Book 103, page 25, and.

"Whereas, The said lease and all rights thereunder or incident thereto are now owned by Charles W. West.

"Now, Therefore, for and in consideration of one dollar (and other and valuable considerations), the receipt of which is hereby acknowledged, the undersigned, the present owner of the said lease and all rights thereunder or incident thereto, does hereby bargain, sell, transfer, assign, and convey unto H. G. Barnard, of his right, title, and interest of the original lessee and present owner in and to said lease and rights thereunder in so far as it covers the above described land, together with all personal property used or obtained in connection therewith to H. G. Barnard, and his heirs, successors and assigns.

"And for the same consideration, the undersigned for himself and his heirs, successors and representatives, does covenant with the said assignee, his heirs, successors, or assigns that he is the lawful owner of the said lease and rights and interests thereunder and of the personal property thereon or used in connection therewith; that the undersigned has a good right and authority to sell and convey the same, and that said rights, interests and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid; and that the undersigned will warrant and defend the same against the lawful claims and demands of all persons whomsoever.

"In Witness Whereof. The undersigned owner and assignor has signed and sealed this instrument this 10th day of June, 1918.

(Signed) "Charles W. West."

It is argued by the defendant that the petition fails to state a cause of action and fails to disclose any liability for the return of the said $2,400, for the reason that in the granting clause of the assignment, the defendant merely undertook to convey whatever right, title, and interest he and the original lessee, Jean P. Day may have had in said lease, and that the nature and extent of his interest being thus limited by the language of the granting clause cannot be enlarged or extended by the warranty clause in the assignment; and that therefore the plaintiff took nothing by said assignment which could render the defendant liable for a breach of warranty of title. Taking both the granting clause and the warranty clause in the assignment, however, and construing them together in the light of the entire instrument convinces us otherwise.

It is stated in the warranty clause of the assignment that the assignor "is the lawful owner of said lease"; that he had good right and authority to sell and would warrant and defend, not any or some doubtful interest in said lease, but the lease itself, which had been executed by H. H. Rodgers and Alma Rodgers to Jean P. Day, and that he would warrant and defend said lease not against the lawful claims of Jean P. Day and himself. alone, but against the lawful claims and demands of all persons whomsoever.

When the granting clause is thus construed in the light of the warranty clause of the assignment, it is clear to us that the defendant convenanted and agreed with plaintiff that he was the lawful owner of the leasehold estate, and that he would warrant and defend such leasehold estate against the lawful claim and demands of all persons, and while it is true that ordinarily the warranty clause in an instrument of conveyance does not operate to pass any estate or to enlarge or restrict the estate conveyed in the granting clause of the instrument, and will be confined to such estate as may be described in the granting clause, still, when it is apparent from the fair import of the language of both the granting and the warranty clause, taken and construed together in the light of the entire instrument, that it was the intention of the assignor to assign and convey a certain interest or estate, the court will give effect to such intention.

In 8 R. C. L., at page 1046, it is said:

"Quantity of the estate conveyed must depend upon the operative words of conveyance, and not upon the covenants defending the quantity of estate conveyed, though they may properly be resorted to for the purpose of aiding the interpretation of the conveying part of the instrument. * * *

"The modern tendency is to ignore the technical distinctions between the various

parts of a deed and to seek the grantor's intention from them all, without undue preference to any giving due effect to all, including both habendum and granting clause, where such can reasonably be done, in order to arrive at the true intention. * * *

"The plain intention of the grantor as disclosed by the deed as a whole controls the construction, and a deed must be so interpreted as to make it operative and effective in all its provisions, if its terms are susceptible of such interpretation, for, it has been said, the deed, as the witness to the contract between the parties, should speak the truth, the whole truth, and nothing but the truth."

It must also be borne in mind that an instrument of conveyance is to be construed most strongly against the grantor and in favor of the grantee, and that grants shall be construed like contracts. and a contract shall be construed against the person responsible for any uncertainty. As was said in 8 R. C. L., at page 1051:

"This rule has been called one of the most just and sound principles of the law, because of the fact that the grantor selects his own language. * * * If, therefore, the deed can inure in different ways, the grantee, it is said, may take it in such way as will be most to his advantage."

In any view of the case we think that no construction should be resorted to unless such construction is made mandatory by the plain language of the grant which would defeat the right of the assignee under the warranty clause contained in the assignment.

Our attention is called to the cases of Tupeker et al. v. Deaner, 46 Okla. 328, 149 Pac. 853, and Moore et al. v. White et al., 75 Okla. 171, 182 Pac. 684, as controlling upon the proposition here presented.

In neither of these cases, however, was there any express warranty contained in the instruments of assignment, and in neither of them did the court have before it the question of the effect of an express warranty of title in the assignment of an oil and gas mining lease.

Under the particular facts of each case the court refused to hold that there was an implied warranty of title under the general rule applicable to sales of personalty, and that the act of selling was not an affirmation of title in the vendor.

Our attention has been called to no Oklahoma case and we apprehend there is none where our court has ever held that an express warranty of title in the sale of an oil and gas lease did not constitute a valid and binding obligation.

In our judgment the general demurrer interposed to the petition should have been overruled.

In the case of Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 170 Pac. 511, it is said in the syllabus:

1. "On the demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

2. "A demurrer to a petition because not stating facts sufficient to constitute a cause of action can be sustained only where the petition contains defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action, and if the facts stated therein entitled plaintiff to any relief, a demurrer for want of sufficient facts should be overruled."

Taking into consideration the allegations made in the petition, aided and explained by that which appears in the exhibits attached, and upon a reasonable construction of their import, we believe the trial court erred in sustaining the demurrer to plaintiff's petition.

Judgment of the trial court is therefore reversed, and the cause remanded, with directions to the trial court to set aside its order sustaining the demurrer to the petition.

By the Court: It is so ordered.