LEVINE et al. v. SHAFFER.

No. 30185.   Jan. 13, 1942.

Rehearing Denied Feb. 3, 1942.

*122 P. 2d 1010.*

C. C. Wilkins, of Marietta, for plaintiffs in error.

Hayes, Richardson & Shartel and Earl Pruet, all of Oklahoma City, for defendant in error.

BAYLESS, J.   J. C. Shaffer filed an action against Julius Levine and S. Levine, his father, in the district court of Love county, Okla., to recover a money judgment upon a plea of money had and received. The parties treated the action as one equitable in its nature and governed by equitable principles. Thurlwell v. Rabbit, 110 Okla. 285, 235 P. 923. Judgment was for plaintiff, and defendants appealed.

Julius Levine held an oil and gas lease on certain land in Texas for himself and others, and entered into a contract, evidenced by a memorandum in writing, to convey this lease to Shaffer for a stated consideration and a reserved interest in the lease. Later Levine as-

signed this lease to Shaffer, the assignment reading, "subject to an overriding royalty interest amounting to one-eighth (1/8th) of the working interest oil and gas produced" and saved from the leased premises. Later, when the lease was developed and produced oil and gas, the parties executed a division order which, after allowing for the 1/8th royalty and for 1/16th of the 8/8ths assigned by Levine to others, allowed Levine the equivalent of 1/8th of the 7/8ths. For many months Levine received money for this share of the oil and gas produced from the lease. When Shaffer found the discrepancy between the division order and the assignment from Levine to him, he demanded the return of the money and brought this action to recover it. Levine defended, among other grounds, upon the ground that the memorandum reserved 1/8th of the 8/8ths, and there was a discrepancy between the memorandum evidencing the contract and the assignment executed by him to Shaffer in pursuance thereof, and that he was by right entitled to the money which had been paid to him. Therefore, the issue between the parties related to the question of whether Levine reserved 1/8th of the 8/8ths or 1/8th of the 7/8ths, and whether the interest reserved to Dixon and Choate was a charge against Levine's reserved interest.

At this point we desire to make a summary of the facts disclosed by the evidence. The two Levines, J. Woody Dixon, and Willis Choate took the lease in question, paying the consideration therefor in equal shares and holding it for their mutual equal profit. June 16, 1936, the Levines negotiated with Dixon and Choate and purchased their respective interests in the lease for the sum of $1,000 cash to each and the reservation to the two of them of 1/16th of the 8/8ths of the oil and gas produced and saved.

Certain brokers negotiated for Shaffer with Levine prior to their meeting on June 16th, and at this meeting Shaffer and Levine soon had a definite understanding which Levine insisted upon being evidenced by some memorandum in writing. He testified that each of them prepared a draft designed to evidence their understanding, and that they signed the draft prepared by Levine, which reads:

"This agreement is entered *into* this day between Julius Levine and J. C. Shaffer on 33 acres of land in Cooke County, Texas more or less where a consideration of $200 per acre and 1/8th overriding royalty same is to be paid on exceptions of attorney. We hereby agree to furnish necessary requirements and are to have seven days."

The evidence shows that Levine furnished Shaffer an abstract of title; that Shaffer had it examined and had his attorney prepare an assignment of the lease. Levine executed this assignment. For the purposes of this opinion it is sufficient to say that after describing the lease the assignment recited that "said lease and all rights thereunder or incident thereto" were then owned by Levine; that for a stated consideration Levine assigned "said lease and all rights thereunder" and "all rights title and interest of the original lessee and the present owner . . . subject to an overriding royalty interest amounting to one-eighth (1/8th) of the working interest oil and gas produced and saved."

After Shaffer's assignment had been recorded, he testified that Levine came to him and complained that the assignment was not in conformity with the memorandum, that Dixon and Choate were to receive 4/64ths of the oil and gas and that he should receive an additional 1/64th. Shaffer testified that he then offered to rescind the agreement rather than to convey 1/64th more to Levine. Levine did not explicitly admit or deny the purport of such a conversation.

After the assignment and after production had been obtained on the lease, Shaffer furnished the company purchasing the oil an abstract of title, and this company then prepared a division order wherein it showed that Dixon and Choate were entitled to the equivalent of 4/64ths of the oil and gas saved,

that Levine was entitled to 7/64ths, and after deducting these from the 7/8ths working interest, showed that Shaffer was entitled to the balance of the working interest in the oil and gas purchased. Shaffer testified, and so did his office manager, that he was ill from an injury and executed the division order as a matter of course without reading it or checking it. Shaffer says that he consistently thereafter called his office manager's attention to the amount of the return that they were getting from the property, but never did check the division order, and it was not until he was approached for the sale of the property that his attention was called to the error. Since this division order and the returns from the property apparently exceeded Levine's notion of what he had reserved in the assignment, he made no mention of the matter.

Shaffer relies upon Porter v. Warner-Caldwell, 183 Okla. 1, 80 P. 2d 252, and similar authorities to support the rule that a conveyance must be construed most strongly against the grantor and most favorably to the grantee. He follows this with the case of Barnard v. West, 99 Okla. 127, 225 P. 977, construing an assignment of an oil and gas lease, substantially identical with the one in issue, to mean that a reservation worded as the one above quoted was the controlling language of the assignment. These authorities are correct. There are other rules relating to the construction of contracts, and especially to separate writings, involving the question of construction most strongly against the party preparing the instrument, which would apply against each with respect to the instrument he prepared. 12 Am. Jur. 784, sec. 246; Page on the Law of Contracts, vol. 4, p. 3542, § 2047, and notes.

When reference is had to the terms of the royalty interest reserved by the landowner in the lease given to Levine, and to the explicit terms used in the assignment from Levine to Dixon and Choate, the difference expressed and implied between the language reserving an interest in the entire 8/8ths and the language used in the memorandum "one-eighth (1/8th) overriding royalty" becomes apparent.

It is Levine's contention that there is a discrepancy between the memorandum of June 16th and the assignment executed by him; and that the memorandum of June 16th should control, since it embodied the terms upon which the parties were agreed, and the conveyance executed in pursuance of its purpose should conform thereto. Levine points to the fact that Shaffer voluntarily executed the division order, which the records show was prepared by an impartial third person, and by so executing this division order acknowledged to Levine and certified to the purchaser of the oil that Levine was right in his contention. Levine asserts this is evidence of an interpretation by impartial third person, acquiesced in by Shaffer, favorable to Levine and unfavorable to Shaffer.

Shaffer contends that the assignment should control, since it embodied the intention of the parties and amounted to a formal conveyance by Levine. Shaffer introduced evidence that Levine was aware of the terms contained in the assignment and that Levine asked him for an additional 1/64th interest, and that he, Shaffer, refused this request and offered to rescind the deal rather than comply with the request. The testimony further is that Levine refused the offer of rescission, and Levine does not deny this testimony.

In view of this undenied testimony of Shaffer, we are of the opinion that we cannot say the trial court's finding in this respect is clearly against the weight of the evidence, and since the action is equitable in nature, we are unauthorized to set aside the trial court's finding unless we can say it is clearly against the weight of the evidence.

Levines insist not only is Shaffer not entitled to a judgment against them, but that actually they are entitled to judgment against Shaffer for $743.19 on the theory that they had received the proceeds from 7/64ths or 14/128ths of

the whole production, according to the division order, when in truth and in fact they had reserved 1/8th of the 8/8ths, or 8/64ths or 16/128ths. Our interpretation of the evidence introduced by both Levines and Shaffer indicates that both were aware of the fact that Levines had assigned an interest to Dixon and Choate, and that this interest should be deducted from the interest that was reserved by Levines. Julius Levine's brother, who apparently aided in closing the deal, testified he assured Shaffer that Dixon and Choate's interest would be taken care of. The memorandum signed June 16th makes no mention of the interest of Dixon and Choate, but does contain language indicating that attorneys were to pass on the title. When the attorneys prepared the assignment it contained an expressed warranty that Levine was the owner of the entire original lease and that he sold and conveyed the entire original lease except for the 1/8th reserved. In view of the evidence and the warranty of the assignment, we are of the opinion that Levine's claim to a full 1/8th without the allowance for the 1/16th paid to Dixon and Choate is without merit, and that the 1/16th of the whole production paid to Dixon and Choate must be deducted from the interest reserved to Levine.

Having heretofore determined that the interpretation placed by the trial court upon the memorandum and assignment of lease was correct and fixing Levine's interest at 7/64ths, and having also determined that the evidence and the warranty in the assignment required the deduction of the 1/16th or 4/64ths of Dixon and Choate from the 7/64ths of Levine, it becomes apparent that Levine has received 4/64ths more of the proceeds of the production of this lease than he was entitled to. In 4 Am. Jur. 529, § 44, and 7 C.J.S. 133, § 28, it is stated as a general rule that in an action in assumpsit for money had and received, the burden of proof is upon the plaintiff. We think that Shaffer sustained the burden of proof and that the judgment of the trial court is not clearly against the weight of the evidence.

S. Levine has made a separate defense embracing two grounds: (1) The statute of limitations based upon 12 O.S.A. § 95; and (2) a plea of lack of responsibility for the money on the theory that it was not paid to him nor did he benefit therefrom. With respect to the first defense no argument is made, and we therefore consider the issue waived. With respect to the second ground we think there is no merit to it, for the evidence clearly shows that Julius Levine was holding the title to this property at all times for the benefit of his father as well as himself, that the money received from the production on the lease was deposited in a special account and was checked on by both father and son. The fact that Shaffer did not deal directly with the father but dealt at all times with the son is not a logical basis for the argument made that the father was not thereby responsible for the dealings of the son. We think that fact supports an unanswerable argument that the son was acting as a partner or trustee or some other representative capacity for the father with the power to bind him with respect to deals made on the property.

Therefore, the judgment of the trial court is affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and HURST, JJ., concur. CORN, V. C. J., and DAVISON and ARNOLD, JJ., absent.