CASE et al. v. CASE.

No. 35312.    Jan. 10, 1953.

252 P. 2d 432.

Elam & Crowley, Enid, and Mauntel & Doolin, Alva, for plaintiffs in error.

H. C. Crandall, Alva, for defendant in error.

JOHNSON, J.    This is an action brought by Polly Case against the heirs, executors, administrators and devisees, if any there be, and certain named heirs of John Case, deceased, to quiet title to a certain tract of land located in Woods county, Oklahoma.

It appears that on the 8th day of November, 1928, John Case and Ester F. Case, both since deceased, conveyed the land in question to their daughter Polly Case and executed to her the following deed:

"This indenture, made this 8th day of November, A. D. 1928, between John Case and Ester F. Case, husband and wife, and _____ of Woods County, in the State of Oklahoma, of the first part, and Polly Case of Woods County, in the State of Oklahoma, the second part:

"Witnesseth, that said parties of the first part, in consideration of the sum of One Dollar, the receipt of which is hereby acknowledged, do by these presents, grant, bargain, sell and convey unto the said party of the second part, her heirs and assigns, all the following described real estate situated in Woods County and State of Oklahoma, to-wit:

"The Southeast Quarter (SE¼) of Section Thirty Two (32) Township Twenty Seven (27) North, Range Sixteen (16), W.I.M.

"First party hereby reserves the rents and profits and income to himself during the lifetime of each of first parties.

"It is intention of this deed that second party hereto shall take this property for her lifetime only and at her death it be divided equally between the heirs of my body.

"To have and to hold the same together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining forever.

"And said grantors for their heirs, executors or administrators, do hereby covenant, promise and agree, to and with the said party of the second part, that at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above granted and described premises, with the appurtenances, that the same are free, clear, discharged and unincumbered of and from all former or other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of record of every kind and that they will warrant and forever defend the same unto the said party of the second part her heirs and assigns against said parties of the first part their heirs, and all and every person or persons whomsoever lawfully claiming or to claim the same."

Plaintiff contends that by the above deed the grantors therein named intended to and did convey unto her a full fee-simple title to the land. The defendants, named heirs, contend that the deed shows on its face that it was the intention of grantors to convey to plaintiff only an estate for life with remainder over to the heirs of the body of the grantor, John Case, deceased.

The trial court sustained the contention of plaintiff and entered judgment decreeing that she was the owner and holder of the fee-simple title, quieted title in her enjoining defendants and each of them from asserting any right, title or interest in and to the premises or any part thereof.

The named defendants, heirs of John Case, appealed and assert that the judgment is contrary to the plain terms of the deed and is contrary to law.

Plaintiff in support of the judgment argues and contends that the provisions in the deed immediately preceding the habendum clause are ambiguous, contradictory and inconsistent with the other provisions preceding same, and that the title in fee simple having been vested in plaintiff, the insertion of said provisions thereafter in said deed is an unlawful and unwarranted attempt to exercise control and authority over property which the grantors had already conveyed to plaintiff and is wholly inconsistent with the interest previously conveyed and is contrary to public policy and void.

This contention cannot be sustained. We have held to the contrary. Thoma v. Coats, 205 Okla. 688, 240 P. 2d 736. We think that case decisive of the questions here presented. In that case it appears that one John W. Bryant conveyed to his wife by deed certain town lots in the city of Perry, Oklahoma. The deed immediately following the granting clause contains the following clauses:

"This grant is unto her subject to a life estate which we retain in John W. Bryant, so long as he lives and he retains all rents, profits and uses and control and possession during his life time.

"This grant is also limited to the effect that the inheritance and succession of the property is upon her death to pass to her children and their issue and heirs."

It will be noted that the clauses in that deed immediately following the granting clause are in substance, except as to remainder over, the same as the clauses contained in the deed in the present case. We there construed the deed as conveying an estate for life rather than an estate in fee simple, and in referring to the rule applicable in the construction of a deed, we said:

"We have many times held that the cardinal rule in construing a deed is the true intent of the maker, ascertained, if possible, from the terms of the deed itself, and in case of uncertainty from the surrounding facts and circumstances. White v. Wester, 170 Okla. 250, 39 P. 2d 22; Purcell v. Thaxton, 202 Okla. 612, 216 P. 2d 574. When the deed is so construed we think the

conclusion is inescapable that the grantor intended to convey to plaintiff only a life estate, with the remainder over in fee to her children in being at the time of her death."

In that case we further said that there is no particular form of words necessary to create a life estate, but such estate may be created when the language of the deed manifests such intent.

Applying the above rule of construction we conclude when the deed in the present case is properly construed it necessarily follows that the grantors intended to convey to plaintiff a life estate only rather than an estate in fee simple.

Plaintiff further contends that the remainder over to the body of the heirs of grantor is void. Many authorities hold that where the grantor by his deed conveys a life estate to another with a remainder over to his heirs, the remainder over is void leaving a reversion in the grantor. Annotations 125 A.L.R. 551. The mere fact, however, that the remainder over granted in the present case may be void would not affect the nature of the estate granted plaintiff by the deed or enlarge the life estate granted into a fee-simple estate, but there would remain, nevertheless, a reversion in the grantor, John Case, and the effect as far as this case is concerned would be the same as though no attempt had been made by the deed to create a remainder over. Therefore, assuming the remainder over to be void upon his death and upon termination of the life estate by death of grantee his (grantor's) heirs would take not as remaindermen but as reversioners by descent from him. See annotations above.

Under the above authorities, the trial court erred in holding that there was vested in plaintiff by the deed a fee-simple estate and in quieting title to the land in question in her.

Reversed and remanded, with directions to enter judgment in accordance with the views herein expressed.