**Harry D. WHITMAN, Plaintiff in Error,**

v.

**Floyd A. HARRISON, Loreen Harrison, Sterling Williams, Jno. W. Nichols, W. Ross Pierce, and the unknown heirs, executors, administrators, devisees, trustees, and assigns of Nellie M. Ketchum, Deceased, and L. M. Hiatt, Deceased, Defendants in Error.**

No. 37407.

Supreme Court of Oklahoma.

June 3, 1958.

Rehearing Denied July 15, 1958.

Brown & Verity, Paul Brown, Oklahoma City, for plaintiff in error.

Felix, Douglass & Griffin, H. L. Douglass and Kenneth J. Wilson, Oklahoma City, for defendants in error.

WELCH, Chief Justice.

This case was tried to the district court of Oklahoma County, Oklahoma, upon a stipulation of facts, and is appealed to this court on a petition in error and upon a designation of the record. 12 O.S.Ann. § 956.1 et seq.

Nellie M. Ketchum was the owner of the surface and all of the oil, gas, and other minerals in and under the

E½ of the SE¼ of Section 32, Township 14 North, Range 3 West of the Indian Meridian, Oklahoma County, Oklahoma.

During the year 1929 she made term mineral conveyances covering an undivided 60 acres. Thereafter she conveyed an undivided 15 acres of minerals in fee.

March 11, 1932, Nellie M. Ketchum conveyed by warranty deed to Chas. Gray, said deed being as follows, to wit:

"Warranty Deed
"Statutory Form—Individual

"Know All Men By These Presents:

"That Nellie M. Ketchum, a single person of Oklahoma County, State of Oklahoma, party of the first part, in consideration of the sum of One dollar and the exchange of property and other valuable considerations, in hand paid, the receipt of which is hereby acknowledged, does hereby, Grant, Bargain, Sell and Convey unto Chas. Gray of Oklahoma County, State of Oklahoma, party of the second part, the following described real property and premises situate in Oklahoma County, State of Oklahoma, to-wit:

"The East half of the Southeast Quarter of Section thirty-two (32) in Township Fourteen (14) North of Range Three (3) West of I. M., containing 80 acres, more or less.

("It is understood that Grantor is conveying only 5/80ths of the oil, gas and mineral rights in and under the above described land, and that this conveyance is made subject to oil, gas and mineral rights amounting to 75/80ths of the total oil, gas and mineral rights previously sold by this grantor, which is hereby excepted from this grant.)

"Together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

"To Have And To Hold Said described premises unto the said party of the second part, his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature.

"Except first mortgage, held by Guthrie Investment Company in the principal sum of $1,000.00 dated January 28, 1931, and assigned to B. A. Hays, which Grantee assumes and agrees to pay.

"Signed and delivered this 11th day of March, 1932."

At the time of the execution of the above deed the said Nellie M. Ketchum was the owner of the surface of the 80 acres, 5

acres of minerals in fee, and a reversionary interest in the 60 acres of term mineral interests, which had not yet reverted to her because the terms had not expired.

The case was tried to the trial court on stipulation of facts as above set forth. The judgment of the trial court held that under the quoted language in the Ketchum deed that the remote grantees of Chas. Gray, listed herein as defendants in error, were entitled to the 60 acre reversionary interest.

This appeal is lodged by Harry D. Whitman, plaintiff in error. The record is not clear as to what mesne of conveyance Whitman claims interest. However, his title to any interest reserved by Nellie M. Ketchum by the terms of the above deed is not questioned.

The question for us to determine here is whether the warranty deed executed by Nellie M. Ketchum conveyed all of her right, title and interest, or by the terms of said deed she reserved the reversionary interest in the 60 acre mineral interest which was held by others under term mineral conveyances at the time of the execution of deed.

Title 16, § 29, O.S.A. Provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, *unless limited by express words.*" (Emphasis ours.)

We are confronted with the problem of determining what part of the conveyance of an estate in fee simple was limited by express words used in the deed here involved.

The plaintiff contends that the grantor Ketchum reserved to herself the mineral interest in the 60 acres, but we find in the deed no words of reservation by or to grantor.

That poses the question whether express words of reservation in the deed are necessary. Whatever the rule or the result might be in the absence of any statute, this court has held that in view of the above statute there must be, somewhere in the deed, appropriate language expressly reserving some interest in and to the grantor, or the grantor's entire interest passes by a warranty deed to real estate.

In Rose v. Cook, 207 Okl. 582, 250 P.2d 848, 852, this court applied the rule that while:

"Under our decisions the reservation need not be expressed in the granting clause of the deed, but may be contained in the warranty clause, * * * or, as we have said, within the four corners of the instrument."

Nevertheless:

"To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty."

We have not overruled that decision and the rule thereof stands and was followed by the trial court.

That rule was followed in Cutright v. Richey, 208 Okl. 413, 257 P.2d 286, 287, where, in syllabus paragraph 4 we held:

"A grantor in a deed is presumed to have made all the reservations he intended to make and he is not permitted to derogate from his grant by showing that some reservation was intended but not expressed. [16 Am.Jur. Deeds, Sec. 406; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291]."

That rule was implemented and applied in Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979, 981, where this court said:

"The deed not being ambiguous governs and controls as to intention, * *. There is nothing whatever in this deed to satisfy the rule that the deed must clearly express the reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance."

This rule was followed in Greenshields v. Superior Oil Co., 204 Okl. 681, 233 P.2d 959, wherein we quoted and approved the above quoted language from the Kassner case.

See also Cruzan v. Missouri-Kansas-Texas Ry. Co., Okl., 303 P.2d 313.

■ In the warranty deed here the grantor conveyed a fee simple title, describing the real estate, then in a separate clause made it clear that at that time she could only fully convey 5/80ths of the oil, gas and mineral rights, due to the fact that she had already conveyed 75/80ths, or 75 acres, of the total oil, gas and mineral rights, which she excepted from the grant. Grantor was conveying everything she owned and could warrant title to. The reason she did not convey the 75 acres of 75/80ths of the total oil, gas and mineral rights was stated as because they had been *previously sold* by the grantor, which is hereby *excepted* from this grant.

In this exception the grantor was treating the 60 acre term mineral interest in the same relation as she was the 15 acres of minerals in fee, by excepting the entire 75 acre minerals or 75/80ths mineral interest all together.

■ The record does not reveal that after the execution of this deed the grantor did or said anything that would indicate that her intentions were other than to convey all of her interest in said property owned by her at the time of the execution of the deed. As stated in 16 Am.Jur. Sec. 298: "A reservation is taking back part of that already granted."

There were no apt words used in this deed which would indicate there was any intent on the part of grantor to reserve or take back unto herself any interest in said property. There appears to be no reason why proper words should not have been used if such were the intent of the parties.

In the case of Porter v. Warner-Caldwell Oil Co., 183 Okl. 1, 80 P.2d 252, 253, the court said:

"Porter claimed under a chain of three deeds. The deed directly to him was from William S. Brock and wife. In the habendum clause is this language: 'Except oil and gas lease on the premises and reservation of record of oil and gas royalties.' It seems clear that, if his grantors had title, Porter acquired all interest in the land except the leases and such royalty as might have been theretofore reserved and not conveyed to his grantors."

■ A conveyance is to be construed most strongly against the grantor. Edwards v. Brusha, 18 Okl. 234, 90 P. 727.

■ In the case of Jarrett v. Moore, 159 Okl. 93, 14 P.2d 390, 391, at the time of conveyance a ten year term mineral grant was outstanding similar to the grant herein, a clause similar to the one here was included in the deed which reads as follows:

"Except all oil and gas rights and mineral rights held by William Buck."

The court held that this was an exception and not a reservation and only excepts the term grant from the warranty, and did not reserve any interest in the grantor.

The trial court here gave due consideration to our statutes and to former decisions, and followed the rules thereby established, and its judgment should be affirmed.

In construing the wording of this deed, we are of the opinion, and so hold, that the deed conveyed a fee simple title to the property therein described, except the rights which had been previously conveyed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, JACKSON and CARLILE, JJ., concur.

HALLEY, BLACKBIRD and WILLIAMS, JJ., dissent.