Edgar Estus LAHMAN, Richard Walter Lahman, Louis Andrew Lahman, Lizzie May Rush and Sallie Agnus Ponder, Plaintiffs in Error,

v.

C. R. BASSEL and Bess L. Bassel, Defendants in Error.

No. 38805.

Supreme Court of Oklahoma.
July 10, 1962.

Clark Legate, R. Rhys Evans, Ardmore, for plaintiffs in error.

Oden & Oden, By Tal Oden, Altus, for defendants in error.

IRWIN, Justice.

C. R. Bassel and Bess L. Bassel, defendants in error, commenced proceedings to quiet full title to certain lands in Harmon County, Oklahoma. Plaintiffs in error, de-·fendants below, asserted ownership in an undivided one-half interest in the minerals and by cross-petition sought to quiet their title to said one-half interest.

The lower court rendered judgment for· the plaintiffs and defendants appealed. The parties will be referred to by name or as they appeared in the trial court.

## FACTS

The facts are undisputed. In 1929, John Lahman (father of the defendants), then the fee owner of the land, joined by his wife S. E. Lahman, conveyed the land by warranty deed to their son and now defendant, Edgar Estus Lahman. The deed contained the following language:

"Provided, that the grantors reserve unto themselves the right to receive an undivided one-fourth interest each of all bonus money for leases which may be executed upon said described lands or any portion thereof during their lives, respectively, and also one-fourth of all rentals and royalties accruing thereunder during their lives, respectively; and provided further that such rights shall survive and continue in the heirs at law of said grantors, respectively, as to their respective interests in said minerals and mineral rights should oil or gas or other minerals be found and produced in paying quantities on said described premises at any time prior to or within one year after the demise of said grantors, respectively. It is further specifically understood and agreed that each of said grantors shall own and hold their respective rights hereby reserved in and to said described premises in severalty, and the death of one shall not affect the rights of the survivor, or of his or her heirs. It is further distinctly understood and agreed that in the event no such minerals shall be produced in paying quantities from said described premises prior to or within twelve months after the death of said parties, respectively, then all rights of whatsoever kind or character of said decedent and those claiming under him or her as the case may be, in and to said lands shall cease and terminate and in such case upon the death of both grantors, the grantee, his heirs or assigns, shall become vested with the absolute title in fee simple to such mineral rights, free, clear and unincumbered by this reservation, or otherwise; * * *".

On October 9, 1947, John Lahman died leaving as his survivors his wife, S. E. Lahman, and his children (the defendants).

On February 18, 1948, Edgar Estus Lahman, joined by his wife, conveyed the land by warranty deed to John W. Cleere. Following the description of the land there appears the following language:

"Except One Half of all mineral rights which belongs equally One Half to S. E. Lahman and One Half of the One Half to Edgar Estus Lahman."

No other exception or reservation appears in the deed.

By warranty deed dated June 14, 1948, John W. Cleere and his wife conveyed the land to the plaintiffs, C. R. Bassel and Bess.

L. Bassel. In this deed and following the habendum clause there appears the following exception:

"Except outstanding mineral interests shown of record."

On June 28, 1955, S. E. Lahman, mother of the defendants, died leaving the defendants as her sole heirs.

It was stipulated that no oil, gas or other minerals had been found and produced in paying quantities on the premises.

## CONTENTIONS

Defendants contend that by virtue of the following language "Except One Half of all mineral rights which belong equally One Half to S. E. Lahman and One Half of the One Half to Edgar Estus Lahman", Edgar Estus Lahman excepted from the conveyance to John W. Cleere an undivided one half interest in the oil, gas and other minerals and that he showed his clear intentions to so except such mineral rights by inserting the above words of exception following the description in the granting clause of such conveyance; that such exception wholly and completely withdrew from the conveyance an undivided one half interest in the oil, gas and other minerals.

Plaintiffs contend that the above exception in the deed from Edgar Estus Lahman to John W. Cleere was nothing more than a statement referring to the provisions of the deed of 1929 and that they are the owners of the land including all the minerals. Plaintiffs urge no words were used indicating an intent to reserve an interest and the deed must be construed to convey to the grantee all of the interest of the grantor.

## CONCLUSION

The provisions excepting certain interests in the 1929 deed were still in force and effect when Edgar Estus Lahman conveyed by warranty deed to John W. Cleere in 1948. It logically follows that the unencumbered one half mineral interest received by Cleere was the one half mineral interest held by the grantor, Edgar Estus Lahman, free and unencumbered. We cannot consider that defendants would contend otherwise and thereby say that said grantor intended to immediately breach his warranty in said deed. Therefore, the language "Except One Half of all mineral rights which belongs equally One Half to S. E. Lahman and One Half of the One Half to Edgar Estus Lahman" relates to the one half mineral interest encumbered by the provisions of the 1929 deed.

Since the language relates to the one half mineral interest encumbered by the provisions of the 1929 deed, we should first point out the interests of defendants Richard Walter Lahman, Louis Andrew Lahman, Lizzie May Rush and Sallie Agnus Ponder, who claim as heirs of S. E. Lahman, deceased. All of these defendants' interest was subject to the condition that "oil or gas or other minerals be found and produced in paying quantities on said described premises at any time prior to or within one year after" the death of John Lahman and S. E. Lahman, respectively. If this condition did not transpire, Edgar Estus Lahman, his heirs or assigns would become vested with fee simple title to all the land. Since this condition did not transpire, whatever interest the above four named defendants had, terminated and the same became vested in Edgar Estus Lahman or his assigns.

We therefore conclude that the defendants Richard Walter Lahman, Louis Andrew Lahman, Lizzie May Rush and Sallie Agnus Ponder have no interest in the minerals in question and the only interest involved is that of Edgar Estus Lahman. Had the above four named defendants had an interest, plaintiffs could not prevail against them for they have made no conveyances.

We will now determine the force and effect of the language "Except One Half of all mineral rights which belong equally One Half to S. E. Lahman and One Half of One Half to Edgar Estus Lahman".

Title 16 O.S.1961 § 29 provides:

"Every estate in land which shall be granted, conveyed or demised by deed

or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

In construing this section in Whitman v. Harrison (Okl.), 327 P.2d 680, we held:

"When a deed of conveyance provides for an exception, excluding certain interests from the operation of the granting clause, but no apt words are used which would indicate there was an intent on the part of grantor to reserve unto himself any interest in said property, the deed under our statute 16 O.S.1951 § 29 must be construed to convey to grantee all of the interest vested in grantor at the time of the execution of the deed."

In the above case the grantor, at the time of the execution of the warranty deed covering fee simple title to all the land, was the owner of the surface of 80 acres, 5 acres of minerals in fee, and a reversionary interest in 60 acres of term minerals and the language employed in that instance is as follows:

"('It is understood that Grantor is conveying only ⅝oths of the oil, gas and mineral rights in and under the above described land, and that this conveyance is made subject to oil, gas and mineral rights amounting to ⁷⁵⁄₈₀ths of the total oil, gas and mineral rights previously sold by this grantor, which is hereby excepted from this grant.' "

In construing the above language we held the grantor conveyed fee simple title to all the property described, except the rights which had previously been conveyed. In the body of the opinion we stated, "The reason she did not convey the 75 acres of ⁷⁵⁄₈₀ths of the total oil, gas and mineral rights was stated as because they had been *previously sold* by the grantor, which is hereby excepted from this grant." It is to be noted that even though grantor had a reversionary interest in 60 acres of term minerals, no language was employed to except this interest as was used to except the interest that had previously been sold.

In Westcott v. Bozarth, 202 Okl. 149, 211 P.2d 258, this language was used in the habendum clause, "except ¹⁵⁄₁₆ of all mineral rights reserved * * *". The granting clause of the deed conveyed full fee simple title. In this case we said, "We think it clear from the language used that the grantors intended to reserve from the conveyance ¹⁵⁄₁₆ths of all minerals * * *".

In Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, we held:

"The terms 'reserving' and 'excepting' are used interchangeably in deeds, and their technical meaning will give way to the manifest intent, even though the technical term to the contrary is used."

■ In Ewing v. Trawick, 208 Okl. 311, 256 P.2d 182, we stated:

"A cardinal rule in construing a deed is ascertaining the true intent of the makers, as that intent may be discerned from the instrument itself, taking it all together, considering every part of it and viewing it in the light of the circumstances surrounding the makers at the time of its execution; and their later acts in connection therewith may be considered in arriving at their intention. Case v. Case, Okl.Sup., 252 P.2d 432."

See also Dwelle v. Greenshields (Okl.), 305 P.2d 1038.

Although a conveyance must be construed most strongly against a grantor and most favorable to a grantee (see Levin v. Shaffer, 190 Okl. 194, 122 P.2d 1010) the fact remains that if language is employed which discloses a manifest intent to except or reserve from a conveyance a certain interest, the cardinal rule in construing a deed is the true intent of the parties thereto, as that intent may be discerned from the instrument itself, taking it all together, considering every part of it, and viewing it in light of all the circumstances existing at the time of its execution.

■ In view of the above authorities, we can only conclude that by use of the lan-

guage, "Except One Half of all mineral rights which belongs equally One Half to S. E. Lahman and One Half of One Half to Edgar Estus Lahman", Edgar Estus Lahman did not intend nor did he convey all his right, title and interest in the minerals and Cleere did not believe he was getting nor did he get all of the interest of Edgar Estus Lahman; and, that Edgar Estus Lahman excepted from the deed a portion of the mineral interest in his deed to John W. Cleere in 1948. We further conclude that when Cleere conveyed the property to plaintiffs and inserted the language "Except outstanding minerals shown of record" that these parties recognized and had knowledge that the land was subject to outstanding mineral interests.

Since we have determined that the language employed in the 1948 deed did except certain interests from the conveyance, what interests were excepted? The language "Except One Half of all mineral rights which belongs * * * One Half of One Half to Edgar Estus Lahman", clearly excepted from the conveyance the interest Edgar Estus Lahman had in and to an undivided one-fourth interest in the minerals. Inasmuch as this one-fourth interest became indefeasibly vested in him, and such interest was excepted from the conveyance, Edgar Estus Lahman was entitled to have his title quieted to this interest.

The remaining one-fourth interest presents a different situation. The language with reference to this interest is, "Except One Half of all mineral rights which belongs equally One Half to S. E. Lahman * * *". S. E. Lahman's interest, if any, is by virtue of the 1929 deed. An examination of that deed clearly discloses that John Lahman and S. E. Lahman attempted to reserve unto S. E. Lahman a life estate in and to an undivided one-fourth interest in the bonuses, rentals and royalties received from the land in controversy at the time the warranty deed to Edgar Estus Lahman was executed in 1929, even though S. E. Lahman had no interest in the property at that time. It is equally apparent that Edgar Es-

tus Lahman and John W. Cleere were both of the opinion that S. E. Lahman had some interest when Edgar Estus Lahman conveyed the property by warranty deed to John W. Cleere in 1948. In Leidig v. Hoopes (Okl.), 288 P.2d 402, we held:

"Where wife, who owns no interest in real estate, joins with husband, who holds legal title to real estate, in executing conveyance of such real estate, which conveyance contains mineral reservation in favor of grantors, and there are no words of grant to wife in such conveyance, the estate reserved in such conveyance is reserved to husband, and wife acquires no title thereby."

However, it is not necessary to determine the applicability of the above rule in the instant action as it is immaterial whether the 1929 deed from John Lahman and S. E. Lahman to Edgar Estus Lahman, vested an interest in S. E. Lahman or whether the attempted reservation failed and the same was reserved by John Lahman. This is for the reason that Edgar Estus Lahman had a contingent remainder in this interest under the provisions of the 1929 deed, whether it was owned by John Lahman or S. E. Lahman. The fact that no oil or gas or other minerals were found and produced in paying quantities on said described premises at any time prior to or within one year after the death of John Lahman and/or S. E. Lahman, whichever death would be applicable, this interest became indefeasibly vested in Edgar Estus Lahman or his assigns.

If we assume that S. E. Lahman had an interest, the most she had was a life estate in the rentals, royalties and bonuses and Edgar Estus Lahman had a reversionary interest. If we assume that this interest did not vest in S. E. Lahman by virtue of the 1929 deed, but the same was reserved by John Lahman, Edgar Estus Lahman also had a reversionary interest. This reversionary interest, whether it related to the interest from John Lahman or S. E. Lahman subsequently became an indefeasible vested interest in Edgar Estus Lahman, or

his assignee, as no oil, gas or other minerals were found and produced from the premises prior to or within one year after the death of John Lahman and/or S. E. Lahman.

■ By the language employed in the 1948 deed to John W. Cleere, no attempt was made nor language used which would indicate any intention whatsoever of reserving the contingent remainder of Edgar Estus Lahman. The facts herein are somewhat similar to those in Whitman v. Harrison (Okl.), 327 P.2d 680, previously discussed, wherein the grantor had a reversionary interest in a term mineral interest and in the conveyance excepted the term mineral interest but did not except the contingent remainder. That case was quoted with approval in Palmer v. Campbell (Okl.), 333 P.2d 957, wherein we held:

> "A deed of conveyance which contains no apt words to indicate there was an intent on the part of grantor to reserve unto himself any interest in said property, must be construed to convey to grantee all of the interest vested in grantor at the time of the execution of the deed. 16 O.S.1951, § 29."

We can only conclude that the language employed contains no apt words to indicate there was an intent on the part of Edgar Estus Lahman to except from the conveyance any reversionary interest he had in this one-fourth mineral interest. Therefore the plaintiffs are entitled to have their title quieted to this interest.

The judgment of the trial court is reversed and remanded with directions to vacate the judgment rendered, enter judgment for plaintiffs quieting their title to the surface and an undivided three-fourths interest in and to the minerals, and to enter judgment for Edgar Estus Lahman quieting his title to an undivided one-fourth interest in and to the minerals.

Reversed and remanded with directions.

WELCH, DAVISON, JOHNSON and BERRY, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and JACKSON, JJ., dissent.

HALLEY, Justice (dissenting).

There is no dispute as to the facts in this case. John Lahman (father of the defendants) became the fee owner of the land in 1924 by virtue of deed to him.

T · controversy involves the interpretation that is to be given to the warranty deed from Edgar Estus Lahman to John W. Cleere on February 18, 1948. The granting clause in that deed is as follows:

> "WITNESSETH, That said part___ of the first part, in consideration of the sum of One dollar and other valuable considerations, the receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell and convey unto party of the second part, their heirs and assigns, all of the following real estate situated in the county of Harmon, State of Oklahoma, to-wit:

> "West Half (½) of southeast quarter (SE¼) and east half ((E½) of southwest quarter (SW¼) of section one (1), township one (1) North, range twenty four west containing 160 acres more or less, according to the United States Plat and survey thereof.

> "$2.75 rev. stamps attached and cancelled.

> "*Except one half of all mineral rights which belongs equally to S. E. Lahman and one half of the one half to Edgar Estus Lahman.*" (Emphasis supplied.)

Edgar Estus Lahman owned at the time he executed the above mentioned deed all of the surface and all of the minerals under the land described in the above granting clause except certain interests in one-half of the minerals which were reserved in the warranty deed from his father and mother to him. This deed was executed in 1929 and acknowledged on May 9, 1929. The reservation in that deed has been set out in the majority opinion.

John Lahman died on October 9, 1947. Twelve months after the death of John Lahman his son Edgar Estus Lahman would have become vested with the quarter interest in the minerals that his father reserved in himself.

On February 18, 1948, the day that Edgar Estus Lahman executed the deed under consideration to Cleere there was still a possibility that his mother, S. E. Lahman, and his brothers and sisters and himself would get something out of the minerals that were reserved by his father and mother in the deed to him. Edgar Estus not only did not convey one-half of the minerals but plainly omitted this one-half from the granting clause in the deed.

There is no contention by either plaintiffs or defendants that there was any fraud or mutual mistake in the deed to Cleere. Neither was there any claim of ambiguity. Such being the case I must look to the four corners of the instrument and from it alone weigh the quantity and quality of the conveyance. In Meeks v. Harmon, 207 Okl. 459, 250 P.2d 203, we laid down two propositions applicable to this case, which are:

"Where a written contract is complete in itself, and viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended. Whether a mineral interest or a royalty interest is conveyed or reserved depends upon the terms of the instrument.

"Where neither fraud nor mutual mistake is relied upon to avoid the terms of a written contract and the contract is not ambiguous, the language of the contract, in its entirety, must prevail to determine its true intent and purpose."

The point is made that Mrs. S. E. Lahman could take no interest in the mineral rights by virtue of the fact that there was no grant to her by her husband when he retained the royalty interest in the deed by them to their son Edgar Estus. But unquestionably Edgar Estus thought his mother had an interest and he did not intend to convey that fourth of the minerals to Cleere. In Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, we said:

"As a general rule, a reservation or exception in a deed may not be made in favor of a stranger or one not a party to the instrument, but it may, when so intended, operate as an exception to the grant."

I do not think there could be a clearer exception to a grant than was made in the granting clause of the deed from Lahman to Cleere.

This deed, in my opinion, is in compliance with 16 O.S.1961 § 29, which is:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

To me the grant to Cleere was limited by express words, which showed definitely that he was conveying only one-half of the mineral rights to Cleere. The grantor also used apt words to show that he was not conveying but this one-half when he mentioned the interest to himself and his mother. This Court has held that a reservation or exception of minerals including gas and oil in a conveyance of land is valid. Hudson v. Smith, 171 Okl. 79, 41 P.2d 861; Myers v. Hines, 149 Okl. 232, 300 P. 309. See also 58 C.J.S. Mines and Minerals § 154b.

In my opinion E. E. Lahman, if he had demanded it, would have been entitled to the one-half of the minerals that he reserved but since he did not seek judgment therefor his brothers and sisters should take the one-quarter interest and he the other quarter.

The deed from John Cleere to the defendant Bassel clarified nothing in the deed from E. E. Lahman to Cleere. It simply recognizes that there were mineral interests outstanding which Cleere did not own and Cleere was not warranting the title to the same. It is in the following words: "Except outstanding mineral interests as shown of record."

In my judgment the trial court should be reversed and judgment entered quieting plaintiffs' title to the surface and one-half of the minerals in the land in question. Therefore I must dissent.

I am authorized to state that BLACK-BIRD, V. C. J., concurs in the views herein expressed.