**Oliver G. JAMES, Jesse James, Johnny F. James, Ruth E. Cotton, Janie L. Bartlow, and Cletis E. James, Appellees,**

v.

**Leroy V. BECKWITH and Pauline A. Beckwith, Appellants.**

**No. 71559.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 16, 1990.

Rehearing Denied Nov. 20, 1990.

Certiorari Denied Feb. 5, 1991.

Bryce Hodgden and Kathleen Lies Hallren, Hieronymus, Hodgden & Meyer, Woodward, for appellant, LeRoy V. Beckwith.

---

7. See, footnotes 1, 5.

8. See, footnote 6. See also, *In re Peacock's Will,* 212 P. at 990–991.

James R. Cox, Enid, for appellant, Pauline A. Beckwith.

Larry L. Bays, Alva, for appellees.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

In May of 1970, Appellees (James) conveyed to Appellants (Beckwiths), by Warranty Deed, a parcel of real property situated in Woods County, Oklahoma. The deed described the tract of land and purported to except certain interests from the conveyance. Seventeen years later the James filed a suit to quiet title in and to the minerals under the tract. After both parties moved for summary judgment, the trial court ruled in favor of the James, holding that the James, as grantors, had sufficiently reserved and excepted the oil, gas and other minerals unto themselves. The Beckwiths appeal.

■ At the hearing on July 20, 1988, the Beckwiths asserted the deed was unambiguous on its face. The James argued the deed was clear and unambiguous but subject to interpretation by the Court, and also maintained that if the Court found the language unclear, parol evidence should be allowed. The trial court found the deed unambiguous. The Beckwiths initially claimed the trial court's finding of unambiguity as error in their Petition in Error but do not support that assertion by argument or authority in their briefs. By not doing so, they have abandoned this issue, and we need not consider whether this deed is ambiguous. *State ex rel. Remy v. City of Norman*, 642 P.2d 219 (Okla.1981).

■ As presently postured, this case is a review of the trial court decision interpretating an unambigous deed. The only issue presented is one of law to be decided by the court. Summary disposition is appropriate since there are no disputed facts and no factual conclusions to be drawn. *Corbett v. Combined Communications Corp.*, 654 P.2d 616 (Okla.1982).

In what is commonly referred to as the "granting clause", the deed conveys to the Beckwiths real property described in words and form as follows:

Northeast Quarter (NE¼) and Northwest Quarter of the Southeast Quarter (NW¼SE¼) of Section Twenty-seven (27), Township Twenty-five (25) North, Range Fifteen (15) WIM, Woods County, Oklahoma

EXCEPT oil, gas and other minerals, reservations and conveyances and oil and gas leases and easements of record.

The trial court determined this deed conveyed no mineral interest from the James to the Beckwiths. Our task is to determine whether this legal conclusion is correct.

The trial court found the exception clause effectively removed from the grant any interest in oil, gas and other minerals. The Beckwiths argue this clause lacks appropriate words expressing an intent by the grantors to reserve an interest in themselves. Citing *Whitman v. Harrison*, 327 P.2d 680 (Okla.1958), they say such language is necessary to prevent all of the grantors' interest in the oil, gas and other minerals from passing to them under this deed.

Prior to the conveyance involved in *Whitman*, that grantor held fee title to the surface and an undivided ⅝ths of the minerals of an eighty acre tract. In addition, she owned the reversion attributable to a previously conveyed term mineral interest in an undivided ⁶⁰/₈₀ths. The remaining ¹⁵/₈₀ths mineral interest had been previously conveyed in fee. At page 681, the *Whitman* court quoted the description in the granting clause as follows:

The East half of the Southeast Quarter of Section thirty-two (32) in Township Fourteen (14) North of Range Three (3) West of I.M., containing 80 acres more or less.

(It is understood that Grantor is conveying only ⅝ths of the oil, gas and mineral rights in and under the above described land, and that this conveyance is made subject to oil, gas and mineral rights amounting to ⁷⁵/₈₀ths of the total oil, gas and mineral rights previously sold by this grantor, which is hereby excepted from this grant.)

The *Whitman* court found the grantor was excepting from the grant only those interests which she had previously conveyed, treating previously-conveyed term

interests and fee interests alike. The grantor's description of the excepted interest led· naturally to that result. In *Lahman v. Bassel*, 373 P.2d 245 (Okla.1962), the Supreme Court identified a critical factor in *Whitman*, and stated at page 248:

> In construing the above language [the description in *Whitman*] we held the grantor conveyed the fee simple title to all the property described, except the rights which had previously been conveyed. In the body of the opinion we stated, "The reason she did not convey the 75 acres of ⁷⁵⁄₈₀ths of the total oil, gas and mineral rights was stated as because they had been *previously sold* by the grantor, which is hereby excepted from this grant." It is to be noted that even though grantor had a reversionary interest in 60 acres of term minerals, *no language was employed to except this interest as was used to except the interest that had been previously sold.* (last emphasis added)

Faced with the argument that the absence of reservation language meant all the minerals passed to the grantee, the Court determined in *Lahman* that the grantor retained his mineral interest by using the following language: "Except One Half of all mineral rights which belongs ... One Half of One Half to Edgar Estus Lahman [the grantor]." This language "clearly excepted from the conveyance the interest Edgar Estus Lahman had in and to an undivided one-fourth interest in the minerals." *Lahman v. Bassel*, 373 P.2d at 249. Reading *Whitman* and *Lahman* together, at least as they apply to exceptions in the granting clause, we conclude language of reservation is essential to retain an interest owned by grantor only if the exception does not by its terms except that interest from the grant.

As in *Lahman,* we must determine what interest is covered by the exception in order to settle the rights of these parties. The trial court found the James intended to except from the grant, and thus retain, all interest in oil, gas and other minerals. The Beckwiths contend the exception must be read as excluding only reservations and conveyances of oil, gas and other minerals previously placed of record. They contend

the parties intended James to convey all interest which they owned in the oil, gas and other minerals and had not previously conveyed to third parties of record.

■ Although the Beckwiths correctly argue a deed must be construed most strongly against a grantor and most favorable to a grantee, if language is employed which manifests an intent to except from a conveyance a certain interest, the cardinal rule in construing a deed is to ascertain the true intent of the parties. The parties' intent must be discerned from the instrument itself, taking all of it together, and considering every part of it. *Lahman v. Bassel*, 373 P.2d at 248.

Asserting that some meaning should be given to every phrase, word and expression in the granting clause, the Beckwiths claim the trial court did not take into account the language following "EXCEPT oil, gas and other minerals,". They claim there was no need for the words "reservations and conveyances and oil and gas leases and easements of record" unless some minerals were intended to pass by the grant. This argument assumes the excepted "reservations and conveyances" must involve minerals. There is no indication of that intent.

Further, the Beckwiths' construction plays havoc with ordinary grammatical use. Under their approach the words "reservations and conveyances" are modified by the words "oil, gas and other minerals" despite being separated by a comma. In addition, the Beckwiths' theory allows the prepositional phrase "of record" to modify words which appear before the second comma. Under their construction, the clause would read: "oil of record, gas of record, and other minerals of record." This construction is not only an incorrect grammatical interpretation, but results in illogical sentence structure.

Faced with a similar construction problem in *Tidal Oil Co. v. Roelfs*, 77 Okl. 183, 187 P. 486 (1920), the Oklahoma Supreme Court determined a restricting clause qualified only its nearest antecedent clause where there was no comma between them. In doing so they stated at 187 P. page 487:

> It is due the parties to this lease to assume that in writing this provision

they knew and understood the grammatical and logical use of the words, phrases, and clauses used by them to convey the thought and purpose intended by their contract. The rule is that no comma must be placed between restrictive adjuncts or clauses and that which they restrict. A restrictive clause, however, must be set off by a comma, when it refers to several antecedents which are themselves separated by that point. It will be observed that in the provision under consideration the two antecedent clauses are separated by a comma. Under this rule, if the parties intended the restrictive clause to apply to both antecedents, they undoubtedly would have set it off by a comma.

Applying the principles stated in *Tidal Oil* to the provisions of this deed, we must conclude the trial court correctly found the parties intended to except "oil, gas and other minerals" from the grant, and Beckwiths received no interest in "oil, gas and other minerals" by virtue of this deed.

AFFIRMED.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.